872 So.2d 996 (2004)
Michelle L. HUGHES, Appellant,
v.
Robert SCHATZBERG, Appellee.
No. 4D03-3721.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
Debra D. Duckett, Boca Raton, for appellant.
Kathleen K. Pena, Pembroke Pines, for appellee.
WARNER, J.
In challenging a final judgment modifying a custody decree and naming the father as primary residential parent of the minor child, the mother contends that the court abused its discretion on several issues. We affirm as to all issues, addressing only whether the trial court erred in permitting the child's therapist to testify without establishing a waiver of the patient-psychotherapist privilege. We hold that the mother had no standing to assert the privilege on behalf of the child, nor was the court required to appoint a guardian ad litem to assert the privilege.
After a final judgment that provided for joint custody and shared parental responsibility of their child, the parties continued to dispute custody and visitation. In February 2002, the mother filed a petition to *997 modify the final judgment, requesting that she be designated the primary residential parent. The father counter-petitioned, also asking to be the primary parent.
The father moved for a psychological evaluation of both the mother and child, alleging that the child was exhibiting signs of severe anxiety, and that the mother refused to allow the child to attend counseling. The parties then agreed to the appointment of Dr. Amy Swan, a psychologist, to counsel the child. The court ordered the parties to abide by the psychologist's recommendations.
Dr. Swan met with both parents, visited their respective homes, and counseled the child for several months. She recommended blended family therapy with another therapist, and the trial court abated the proceedings for six months to allow the parties to work through their differences. Dr. Swan also met with the guardian ad litem appointed in the case to discuss the family's issues.
Despite all efforts, the parties were unable to resolve the custody issues, and the case went to trial. When the father called Dr. Swan to testify, the mother objected to her testimony because the court failed to appoint a guardian ad litem on behalf of the child to waive the child's patient-psychotherapist privilege. The trial court overruled her objection, and Dr. Swan testified. Her testimony consisted of evaluations of the condition of the child and both the mother and father. She observed that the child suffered from severe anxiety caused by the parents' disputes and the constant switching between the parents due to the joint custody arrangement. She believed that the child's needs would best be served by giving the father primary physical residence, as she opined that the mother needed intense psychotherapy and was unable to place the child's needs ahead of her own. In her testimony, Dr. Swan also related that she had discussed the family and their issues with the appointed guardian ad litem.
After hearing all of the testimony, the court determined that a substantial change of circumstance had occurred since the entry of the final order in that the child was now exhibiting severe emotional distress as a result of her parents' continued conflict and was at risk for further emotional harm if the joint custody continued. Therefore, the court found it in the best interest of the child for the father to become the primary residential parent.
While the mother contends that Dr. Swan should not have been allowed to testify without waiver of the patient-psychotherapist privilege on behalf of the child, the mother has no standing to assert the patient-psychotherapist privilege on behalf of the child where she is involved in litigation over the child's welfare. See Attorney ad Litem for D.K. v. Parents of D.K., 780 So.2d 301, 307 (Fla. 4th DCA 2001). In D.K. we held that "a child has a privilege in the confidentiality of her communications with her psychotherapist [, and] [w]here the parents are involved in litigation themselves over the best interests of the child, the parents may not either assert or waive the privilege on their child's behalf." Id. The child involved was a seventeen-year-old girl who had asserted the privilege herself, and the court appointed an attorney ad litem to assist her in presenting the issue to the court. Here, the child is nine years old and did not assert any privilege herself.[1]
*998 The question presented is whether the court was required to appoint a guardian ad litem to assert or waive the privilege for the child. We cited to Nagle v. Hooks, 296 Md. 123, 460 A.2d 49 (1983) in D.K. There, the Maryland Court of Appeals determined that because the parents' interests may be in conflict, where the child is too young to personally exercise the privilege, the court must appoint a guardian ad litem to act in the best interest of the child in asserting or waiving the privilege. See 460 A.2d at 51. Our supreme court has not adopted a similar bright line rule, nor did we in D.K. In In re Adoption of Diane, 400 Mass. 196, 508 N.E.2d 837, 840 (1987), the court suggested that it would be a proper procedure to appoint a guardian ad litem to waive the patient-psychotherapist privilege, but the mother who had tried to assert the privilege in a custody proceeding did not have the standing to challenge the procedures regarding the waiver any more than she had standing to challenge the admission of the psychotherapist's testimony.
Here, the child was appointed a guardian ad litem pursuant to section 61.403, Florida Statutes (2002). Unfortunately, the guardian ad litem was not at the hearing and did not either assert or waive the child's privilege. She did speak to Dr. Swan and they discussed the case several times. However, section 90.503(3)(d) also permits the psychotherapist to assert the privilege on behalf of the patient. Thus, Dr. Swan herself could have asserted the privilege had she thought that it was in her patient's interest to do so. She did not, most likely because a young child's welfare was at stake, and the information she obtained regarding the family both from the child and her parents was essential to the court for it to make a decision in the best interests of the child.
The mother here is not asserting this position for the child's benefit, which is why we said in D.K. that the parents involved in litigation over the child's best interest could neither assert nor waive their child's patient-psychotherapist privilege. If the child's privilege was not recognized, it does not constitute legal harm to the mother. Therefore, it is not a ground for reversal of the final judgment.
Affirmed.
POLEN and KLEIN, JJ., concur.
NOTES
[1] Because Dr. Swan was appointed to counsel the child, we do not believe that this falls within the exception for court-ordered evaluations and examinations excluded from the patient-psychotherapist privilege under section 90.503(4)(b), Florida Statutes (2002). Cf. In re Eduardo A., 209 Cal.App.3d 1038, 261 Cal. Rptr. 68, 69 (1989) (holding court order referring juvenile for counseling was not equivalent of court-ordered examination within meaning of exception to patient-psychotherapist privilege).