# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 12, 2007          Decided June 15, 2007

No. 06-5134

RANDOLPH S. KOCH,
APPELLANT

v.

CHRISTOPHER COX, CHAIRMAN, SECURITIES AND EXCHANGE
COMMISSION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 02cv01492)

Ellen K. Renaud argued the cause for appellant.  With her on the briefs were David H. Shapiro and Richard L. Swick.

Marina U. Braswell, Assistant U.S. Attorney, argued the cause for appellee.  With her on the brief were Jeffrey A. Taylor, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: GINSBURG, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

Opinion of the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Randolph Koch sued his employer, the Securities and Exchange Commission, under the Civil Rights Act of 1964, the Americans with Disabilities Act, the Rehabilitation Act, and the Age Discrimination in Employment Act. When the SEC then attempted to serve a subpoena for confidential records relating to communications between Koch and his psychotherapist, Koch moved to quash the subpoena. The district court denied the motion on the ground that Koch, by placing his mental state in issue, had impliedly waived the psychotherapist-patient privilege. The court ordered Koch's psychotherapist to produce confidential records and ordered Koch to make her available for a deposition. Koch appeals, arguing he did not waive the psychotherapist-patient privilege and therefore his communications with his therapist are privileged and not discoverable. We agree and hence reverse the order of the district court.

## I. Background

Koch sued the SEC in the district court alleging discrimination, retaliation, and failure to accommodate his medical conditions. He alleged that he had serious medical problems — cardiovascular disease, hypertension, gout, and obstructive sleep apnea — requiring accommodation in the form of a lightened or "gliding" work schedule, and that the SEC's refusal to accommodate him prevented Koch from participating in a "medically-supervised cardiac rehabilitation program prescribed by his cardiologist." Koch also alleged the SEC's actions exacerbated his hypertension and other problems. He sought a permanent injunction prohibiting the SEC's discriminatory and retaliatory practices, affirmative relief including a promotion and the withdrawal of adverse performance appraisals, and compensatory and punitive

damages. He did not seek damages for emotional distress.

Koch executed releases authorizing the SEC to seek and obtain medical information from various health care providers, including, as relevant here, his psychopharmacologist, Steven A. Polakoff, M.D., and his psychoanalyst, Margo Aron, L.C.S.W., a licensed social worker. Each release provided that Koch "may revoke this Authorization at any time, [in writing] ... except to the extent that action has already been taken in reliance [upon] this Authorization." These clauses appear to be based upon regulations issued by the Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act (HIPAA), which permit revocation "except to the extent that ... (i) The covered entity has taken action in reliance thereon," 45 C.F.R. § 164.508(b)(5)(I), and define a covered entity as, among others, a "health care provider," *id.* § 160.102(a).

Before Ms. Aron was served with the subpoena for information about Koch's psychotherapy, but after the SEC had attempted service at an office the address of which Koch had provided but which Aron did not frequently use, Koch revoked his authorization for Aron to release information about him. Koch then moved to quash the SEC's subpoena, in opposition to which the SEC maintained that Koch had put his mental state in issue and thereby waived the psychotherapist-patient privilege. A magistrate judge denied the motion in a Memorandum Order stating:

> [Koch] seeks thousands of dollars in compensatory damages for, *inter alia*, emotional distress. While he has not alleged a separate claim for infliction of emotional distress, he has alleged that the SEC's actions caused him to 'develop [] serious hypertension,' 'ha[ve] damaged his health,' made it harder for him to control his weight, and resulted in stress,

4

humiliation and loss of enjoyment of life.'

The judge cited, as the source of these allegations, Koch's answers and supplemental answers to interrogatories. He went on to conclude that Koch "has placed his mental state at issue in this case ... through his acknowledgment that he suffers from depression and takes medication for this condition," and thus had impliedly waived the psychotherapist-patient privilege, citing *Kalinoski v. Evans*, 377 F. Supp. 2d 136 (D.D.C. 2005). The judge added that Koch's "initial authorization of release of medical records from Aron and the references to Aron that exist in medical records that are in the [SEC's] possession also weigh in favor of [finding an express] waiver."

The district court agreed with the reasoning of the magistrate judge and noted its agreement also with the SEC that "once a release for Dr. Polakoff, a psychiatrist, was provided and he produced records mentioning Ms. Aron, [Koch] cannot retract his waiver with respect to Ms. Aron: '[Koch] surely is not entitled to cherry-pick his waiver of privilege.'" Accepting "without modification" the recommended decision of the magistrate judge, the court denied Koch's motion to quash. Koch filed motions respectively to withdraw any "claim for emotional distress damages" and for reconsideration. The district court denied reconsideration without indicating whether it was also denying Koch's motion to withdraw the claim. The court granted the SEC's motion to compel Aron's testimony and ordered Aron to produce all records requested by the SEC. Koch appeals both this order and the order accepting the magistrate judge's recommended decision.

## II.  Analysis

Under the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), we have

jurisdiction over the interlocutory appeal of an order denying a motion to quash based upon a privilege. *In re: Sealed Case (Medical Records)*, 381 F.3d 1205, 1209 (2004) ("orders compelling production of allegedly privileged information satisf[y] the three criteria for collateral review") (citation omitted). We review the "district court's discovery ruling for abuse of discretion." *Id.* at 1211. "Because a 'district court by definition abuses its discretion when it makes an error of law,' the 'abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" *Id.* (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

Koch argues (1) he neither impliedly nor expressly waived the psychotherapist-patient privilege, and (2) the district court erred by ordering Aron to testify and produce records after Koch withdrew any claim to damages for emotional distress. We agree in both respects.

A. Implied Waiver

Koch first argues the district court "erred by finding that [he] placed his mental state at issue [because he] never alleged that the SEC's conduct caused a psychological or mental injury." Further, Koch did not "claim the SEC's conduct caused him to seek professional treatment from a psychotherapist" and his complaint "does not even contain a claim of emotional distress."

A review of Koch's complaint confirms this position. Although Koch did acknowledge in a deposition that he suffers from depression and he referred to "stress" and "humiliation" in his answers and supplemental answers to interrogatories, upon which the district court based its conclusion that Koch had placed his mental condition in issue, those answers do not

clearly make an allegation of, much less a claim to recovery for, emotional distress.

In its order denying Koch's motion for reconsideration, the district court did not indicate whether it was denying Koch's motion to withdraw any "claim for emotional distress damages." The district court had, however, approved without modification the magistrate judge's conclusion that Koch's mental state was in issue because he acknowledged suffering from depression.

Before this court it is perfectly clear, even if it was not before the district court, that Koch has abandoned any claim the district court may have thought he made for damages due to emotional stress. That does not, however, moot the district court's decision and the SEC's argument that Koch put his mental state in issue by acknowledging he suffers from depression. We therefore must decide whether a plaintiff puts his mental state in issue in such a way as to waive the psychotherapist-patient privilege by acknowledging he suffers from depression.

In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the plaintiff sought statements a police officer had made to the officer's therapist, a licensed clinical social worker, after the officer had shot and killed the plaintiff's decedent in a "traumatic incident" responding to a "fight in progress" call. *Id.* at 3-4. The Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at 15 (footnote omitted). The Court squarely rejected the position that a court should balance the need for relevant information in the particular case before it against the invasion of a patient's privacy. *Id.* at 17 ("Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative

importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege"); *see In re Sealed Case (Medical Records)*, 381 F.3d at 1214 ("In *Jaffee*, the Court flatly rejected the suggestion that the privilege was subject to balancing").

The *Jaffee* Court also observed that a "patient may of course waive the protection" of the privilege, 518 U.S. at 15 n.14, but it did not speak further to the subject of waiver. The Court did provide some guidance relevant to waiver, however, when it likened the privilege to the attorney-client and spousal privileges. *See Jaffee*, 518 U.S. at 10 ("Like the spousal and attorney-client privileges, the psychotherapist-patient privilege is rooted in the imperative need for confidence and trust") (internal quotation marks omitted); *id.* at 11 (comparing interests served by spousal, attorney-client, and psychotherapist-patient privileges).

We are aware of only two cases in the federal courts of appeals addressing the question whether a party has waived the psychotherapist-patient privilege. *See Doe v. Dairy*, 456 F.3d 704 (7th Cir. 2006); *Schoffstall v. Henderson*, 223 F.3d 818 (8th Cir. 2000). Both were Title VII cases in which the plaintiff sought recovery for emotional distress. In *Doe v. Dairy* the Seventh Circuit stated without unnecessary elaboration: "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." 456 F.3d at 718. In *Schoffstall*, the Eighth Circuit said only that it found "persuasive" certain district court cases concluding that, just as a client waives the attorney-client privilege when he "places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue" when he or she makes a claim for emotional distress. 223 F.3d at 823. We need not decide whether making

a claim for emotional distress necessarily waives the privilege — there being no such claim in this case — in order to observe that an affirmative answer does not follow from the *Schoffstall* court's analogy to the attorney-client privilege. A client waives that privilege when he puts the attorney-client relationship in issue — for example, by suing the attorney for malpractice or by claiming he relied upon the attorney's advice. *See, e.g.*, *United States v. Moody*, 923 F.2d 341, 352-53 (5th Cir. 1991); Mueller & Kirkpatrick, *Evidence* § 5.30 (3d ed. 2003); Restatement (Third) of the Law Governing Lawyers § 80 (2000). By analogy, a patient would waive the psychotherapist-patient privilege when he sues the therapist for malpractice, or relies upon the therapist's diagnoses or treatment in making or defending a case. *See, e.g.*, *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997).

Here, of course, we have a plaintiff making no claim of emotional distress but an acknowledged history of depression. Undaunted by the lack of precedent suggesting such an acknowledgment by itself puts the plaintiff's mental state in issue, the SEC takes the position that any time it is possible, as a matter of medical science, that a plaintiff's mental condition — depression, anxiety, remorse, etc. — may be a cause of his alleged physical condition, or even just aggravate that condition, the plaintiff necessarily has put his mental state in issue and thereby waived the psychotherapist-patient privilege. As a practical matter that position would confine the rule in *Jaffee* to the facts of that case. But we are not authorized *sub silentio* to overrule a decision of the Supreme Court. Rather, we must supply a standard for determining whether a patient has waived the privilege but it must be a standard that does not eviscerate the privilege.

The parties provide extensive briefing on what they both see, in the decisions of various district courts, as the "narrow,"

"broad," and "middle ground" approaches to determining whether a patient has placed his mental state in issue. The narrow approach, as characterized by Koch, means "patients only waive the privilege by affirmatively placing the substance of the advice or communication directly in issue," as in *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003). The "broad" approach, favored by the SEC, is purportedly that taken in *Schoffstall* although, as noted above, that case does not explain what it might mean to place one's mental condition in issue in a case that does not involve a claim for emotional distress. *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000), describes the "middle ground," under which Koch argues he would still prevail and which the SEC suggests is inapposite: "[W]here a plaintiff merely alleges 'garden variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege." *Id.* at 225 n.8.

As we see it, the question before us should be answered with reference to the Supreme Court's guidance analogizing the psychotherapist-patient privilege to the attorney-client and spousal privileges. *See Jaffee*, 518 U.S. at 10-11. To inform our decision whether Koch waived the psychotherapist-patient privilege in this case, we therefore look to our cases concerning waiver of those analogous privileges.

As noted before, a client waives the attorney-client privilege when he sues the attorney for malpractice or bases a claim or defense upon the attorney's advice, *see, e.g.*, Mueller & Kirkpatrick, *Evidence* at § 5.30; Restatement (Third) of the Law Governing Lawyers § 80, but in this case Koch neither sued his therapist nor relied upon her communications with him. A party also puts a communication with his attorney or his spouse in

issue if he "selectively disclose[s] part of a privileged communication in order to gain an advantage in litigation," *S.E.C. v. Lavin*, 111 F.3d 921, 933 (D.C. Cir. 1997) (marital privilege); *see also In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Courts need not allow a claim of [attorney-client or work product] privilege when the party claiming the privilege seeks to use it in a way that is not consistent with the purpose of the privilege"). The "prohibition against selective disclosure of confidential materials derives from the appropriate concern that parties do not employ privileges both as a sword and as a shield." *Lavin*, 111 F.3d at 933.

The SEC argues that Koch is engaged in just such cherrypicking by claiming the agency, in its words, caused his "physical injury and stress" and yet waiving the privilege as to Dr. Polakoff but not as to Ms. Aron. As we have seen, however, Koch neither alleges nor claims damages for emotional distress, nor even for the more generic "stress." Nor is his waiver of the privilege as to Polakoff related to his mental condition; Koch alleged his heart problems relate to his lipid disorder, wherefore, he explains, he has "agreed to authorize the release of records from Dr. Polakoff, ... who administers the medication and manages its effects, so that the SEC can test this theory." Koch's release as to Polakoff was not, therefore, "an unfair tactical manipulation of the privilege" or an attempt to shield some communications from disclosure "while at the same time relying on [other communications and] ... thereby gain a litigation advantage," *Lavin*, 111 F.3d at 933.

Accordingly, we hold that a plaintiff does not put his mental state in issue merely by acknowledging he suffers from depression, for which he is not seeking recompense; nor may a defendant overcome the privilege by putting the plaintiff's mental state in issue. A plaintiff who makes no claim for recovery based upon injury to his mental or emotional state puts

that state in issue and thereby waives the psychotherapist-patient privilege when, consistent with the Supreme Court's analogy in *Jaffee*, 518 U.S. at 10-11, he does the sort of thing that would waive the attorney-client privilege, such as basing his claim upon the psychotherapist's communications with him, *see, e.g.*, Mueller & Kirkpatrick, *Evidence* at § 5.30; or, as with the marital privilege, "selectively disclos[ing] part of a privileged communication in order to gain an advantage in litigation," *Lavin*, 111 F.3d at 933 (citation omitted).

B.  Express Waiver

The decision of the magistrate judge, accepted by the district court without modification, suggests that Koch's "initial authorization of release of medical records from Aron ... weigh[s] in favor of [finding an express] waiver." Koch argues he validly revoked his express waiver of the privilege as to Aron. More specifically, because the authorization he signed is derived from a regulation implementing the HIPAA, which regulation permits revocation except to the extent a "covered entity" has relied upon the authorization, and the SEC is not such an entity, Koch contends his revocation was valid. The SEC contends Koch has forfeited this point because he did not make it in the district court and, at any rate, but for the mistaken address Koch gave the SEC for Aron, Aron would have been served before Koch revoked his authorization.

Koch did argue before the district court that he timely revoked his express waiver as to Aron; his invocation of the HIPAA regulation is new and supports his position but it is not itself a new claim or defense. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below"). Rather than raising a new issue upon which the district

court did not rule, Koch is adducing additional support for his side of an issue upon which the district court did rule, much like citing a case for the first time on appeal.

Turning to the merits, we see the HIPAA regulations are probative as to the meaning of the phrase "reliance [upon] this Authorization" in the waiver. Because the SEC is not a "covered entity," the proper question here is not whether the SEC relied upon the waiver but whether the "health care provider" with custody of the records in issue (Ms. Aron) relied upon the waiver before Koch revoked it. Koch could not revoke his waiver to the extent Aron had disclosed confidential information in reliance upon the waiver. Because Aron had not disclosed any records, Koch could revoke *in toto* his authorization to do so.

The SEC next objects that, but for Koch having given it Aron's secondary address, it could have served her with the subpoena before Koch revoked his authorization. Perhaps so, but the date of service is not necessarily (or even likely) the date upon which Aron would have released Koch's records in reliance upon the waiver. Nor is there any reason to believe Koch intentionally gave the SEC the incorrect address for Aron; after all, if his goal when he supplied the address had been to deny the SEC access to the records, then he would not have signed the waiver in the first place. The SEC's arguments blaming Koch for its failure to serve Aron are therefore of no moment.

In sum, fairly read, Koch's waiver was revocable by its terms except to the extent, which was nil, that his psychotherapist had released information in reliance upon the waiver. We therefore hold the district court erred in adopting the magistrate judge's conclusion that Koch expressly waived the privilege.

### III.  Conclusion

Because the district court erred in concluding Koch waived the psychotherapist-patient privilege, either impliedly or expressly, the orders of the district court denying Koch's motion to quash and compelling Aron to testify and produce documents relating to her treatment of Koch are

*Reversed.*