PER CURIAM.
Petitioner, Rodolfo Carrillo-Jimenez, petitioned this court to issue a writ of certio-rari, Fla. R.App. P. 9.030(b)(3), quashing a trial court order denying his amended motion to strike a social investigation report prepared in the dissolution of marriage proceedings below. See § 61.20(1), Fla. Stat. (2010). He alleges that in preparation of this report, confidential communications between his children and their psychotherapist were improperly disclosed by the psychotherapist to the report’s author without the consent of the minor children, for whom no guardian ad litem was appointed by the trial court, in violation of section 90.503, Florida Statutes (2010). Petitioner claims irreparable harm in the trial court’s future consideration of the report’s contents, including the privileged information which would disadvantage him in the proceedings.
We deny the petition based on Hughes v. Schatzberg, 872 So.2d 996, 997-98 (Fla. 4th DCA 2004), where we held that a parent lacked standing to assert the statutory privilege found in section 90.503 on behalf of his or her minor child, where the parent is involved in litigation seeking to pursue his or her own interests, and the child is not a party to the underlying action. As petitioner seeks to strike the *491 social investigation report due to his perception that the confidential information placed in the report by its author is to his disadvantage in the ongoing custody aspect of this dissolution proceeding, he falls squarely within the rationale for the holding in Hughes. Accordingly, we deny the petition for writ of certiorari in this case.

Petition denied.

WARNER, STEVENSON and CIKLIN, JJ., concur.