Rel: April 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2022-1261

_____

## J.-M.S., as guardian ad litem, for K.C.J., a minor child

## v.

## K.B.J. and R.G.J., Jr.

### Appeal from Madison Juvenile Court
### (CS-12-900014.03)

PER CURIAM.

J.-M.S.,  as the guardian ad litem for K.C.J. ("the child"), a minor child, appeals from a judgment entered by the Madison Juvenile Court ("the juvenile court").  We dismiss the appeal.

In 2020, R.G.J., Jr., ("the father") filed a petition to modify custody of the child, naming K.B.J. ("the mother") as the defendant. The father, subsequently, notified the mother of his intent to call John Ruffin, the child's licensed professional counselor, as an expert witness, at the final hearing. The mother moved to exclude Ruffin's testimony pursuant to Rule 503A(b), Ala. R. Evid.[1] On August 11, 2022, the juvenile court appointed J.-M.S. to serve as a guardian ad litem in the action for the limited purpose of representing the interests of the child regarding the mother's request to exclude Ruffin's testimony.

On August 12, 2022, the juvenile court conducted a hearing on the mother's motion to exclude Ruffin's testimony. In response to the mother's objection to Ruffin's testimony, the guardian ad litem stated:

> "Your Honor, with regard to the privilege, I have spoken with [the child]. [H]e is not uncomfortable with Mr. Ruffin's testimony. And, moreover, I think it would be in [the child's] best interest for this court to hear Mr. Ruffin's testimony. So I would, on behalf of [the child], waive the privilege as [the child's] guardian ad litem."

---

[1]Rule 503A(b), Ala. R. Evid., provides: "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, a confidential communication made for the purpose of facilitating the rendition of counseling services to the client."

The juvenile court granted the mother's request to exclude Ruffin's testimony.

The case proceeded to trial, and, on December 12, 2022, the juvenile court entered a final judgment that provided, in pertinent part, that it had excluded Ruffin's testimony based on Ex parte Johnson, 219 So. 3d 655 (Ala. Civ. App. 2016). On December 20, 2022, J.-M.S., on behalf of the child, filed a notice of appeal, naming the mother and the father as the appellees.

In her brief to this court, J.-M.S. contends that this court should address a question of first impression: whether a guardian ad litem may waive the counselor-client privilege found in Rule 503A(b) on behalf of a child whose best interests the guardian ad litem is appointed to protect. Cf. Ex parte Cortez, 360 So. 3d 702 (Ala. Civ. App. 2022); Ex parte Sims, 261 So. 3d 1207 (Ala. Civ. App. 2018); and Ex parte Sims, 246 So. 3d 155 (Ala. Civ. App. 2017)(cases refusing to consider whether a guardian ad litem can waive an evidentiary privilege based on justiciability or procedural grounds). J.-M.S. cites numerous cases from other jurisdictions that have held that a guardian ad litem should be allowed to waive an evidentiary privilege in these circumstances. See Garcia v.

Guiles, 254 So. 3d 637 (Fla. Dist. Ct. App. 2018); L.A.N. v. L.M.B., 292 P.3d 942 (Colo. 2013); Bond v. Bond, 887 S.W.2d 558 (Ky. Ct. App. 1994); Nagle v. Hooks, 296 Md. 123, 460 A.2d 49 (1983); and In re Zappa, 6 Kan. App. 2d 633, 631 P.2d 1245 (1981). However, before we can consider the issue presented, we must first address whether a guardian ad litem may validly appeal an order denying the guardian ad litem's purported waiver of a privilege on behalf of a child.

Section 12-15-601, Ala. Code 1975, of the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala. Code 1975, provides, in pertinent part: "A party ... has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter." Unequivocally, § 12-15-601, establishes that only a party may appeal from a judgment or order entered in juvenile proceedings. See J.T. v. Chambers Cnty. Dep't of Hum. Res., [Ms. CL-2022-0687, Apr. 14, 2023] ___ So. 3d ___, ___ (Ala. Civ. App. 2023).

When a juvenile court appoints a guardian ad litem for a child in a dependency or termination-of-parental-rights case, the guardian ad litem becomes a party to the case. See § 12-15-304(a), Ala. Code 1975)("In all dependency and termination of parental rights proceedings, the juvenile

4

court shall appoint a guardian ad litem for a child who is a party to the proceedings and whose primary responsibility shall be to protect the best interests of the child."). The legislature, however, has not enacted a similar statute providing that a guardian ad litem becomes a party in a child-custody-modification action that is commenced in the juvenile court. Consequently, because the juvenile court, in this case, was exercising its jurisdiction in a custody-modification action, and not in a dependency or termination-of-parental-rights action, its appointment of a guardian ad litem did not make the guardian ad litem a party in this action.

Significantly, J.-M.S. recognized that she was not a party in the action and did not file her notice of appeal as a party to the judgment. In her notice of appeal, she specifically stated that she was appealing "on behalf of [the child]." We acknowledge that some of our caselaw indicates that a representative of a party may appeal on behalf of a party. See, e.g., Strong v. Slate, 260 So. 3d 41, 44 (Ala. Civ. App. 2018). However, in this case the child was not a party to the underlying action. As this court explained in Leigh v. Aiken, 54 Ala. App. 620, 311 So. 2d 444 (1975), although a child may be the subject of a child-custody action with an

interest in its outcome, the child does not thereby become a party to the action. See Jones v. McCoy, 150 So. 3d 1074, 1081 (Ala. Civ. App. 2013)(noting that a child ordinarily is not characterized as a party in a custody action.) Additionally, the legislature has not enacted a statute that makes a child a party in a juvenile-court proceeding to modify a child's custody. In Aiken, supra, this court held that it could not consider any amicus briefs filed on behalf of a child in the appeal from a judgment entered in a child-custody proceeding because the child was not a party to the underlying child-custody case. Likewise, this court cannot consider an appeal from a guardian ad litem purporting to advance the interests of a child who was not a party to the underlying custody-modification action. Thus, even if § 12-15-601 impliedly allowed a "representative of a party" to appeal a juvenile court's judgment, that statute does not authorize a guardian ad litem to appeal the judgment on behalf of a child who is not a party to the case.

Our determination is in accord with other states that have recognized that a child is not a party to a custody proceeding and have held that, in the absence of a special statutory provision, a guardian ad litem cannot appeal a child-custody judgment as a representative of the

child, see <u>Rowe v. Rowe</u>, 218 P.3d 887 (Okla. 2009), or even participate in the appellate proceedings on behalf of the child. See <u>Perez v. Perez</u>, 769 So. 2d 389, 394 (Fla. Dist. Ct. App. 1999).

"The right to appeal is purely statutory, and an appeal taken without statutory authority must be dismissed for want of jurisdiction." <u>Hallman v. City of Northport</u>, 386 So. 2d 756, 757 (Ala. Civ. App. 1980). Section 12-15-601 does not authorize a guardian ad litem, who is neither a party nor a representative of a party, to appeal an order or judgment entered in a juvenile-court proceeding involving a custody-modification action. Because J.-M.S. was not a party or a representative of a party in the underlying action, she is not authorized to appeal the juvenile court's judgment. Consequently, this court's jurisdiction has not been invoked, and we must dismiss this appeal.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

Lewis, J., concurs in the result, without opinion.