# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 82

### APRIL TERM, A.D. 2024

### August 1, 2024

WADE LOYNING,

Appellant
(Petitioner),

v.

NEISHA POTTER and FERN RIDGE
COUNSELING,

Appellees
(Respondents).

S-23-0237

*Appeal from the District Court of Park County*
The Honorable Bill Simpson, Judge

*Representing Appellant:*
    Austin Waisanen, Burg Simpson Eldredge Hersh & Jardine, P.C., Cody, Wyoming.

*Representing Appellees:*
    Thomas P. Keegan, Keegan & Krisjansons, P.C., Cody, Wyoming.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]     Neisha Potter and Fern Ridge Counseling (collectively referred to as "Therapist") filed a motion to quash Wade Loyning's (Father) foreign subpoena duces tecum demanding production of his seven-year-old child's (Child) therapy records.  Without citing any statutory or procedural basis to withhold Child's therapy records from Father, the district court partially quashed the subpoena based upon Child's "best interests."   Because Wyoming law does not currently recognize a child's best interests as a reason to deny a parent access to a child's therapy records, we reverse and remand for the district court to issue an order denying, in full, Therapist's motion to quash Father's subpoena.

## ISSUE

[¶2]     The dispositive issue for this appeal is:  Did the district court abuse its discretion when it partially granted Therapist's motion to quash Father's subpoena of Child's therapy records based upon Child's best interests?

## FACTS

[¶3]     Child lived with her mother (Mother) in Park County, Wyoming, and was counseled by Therapist there.  Father and Mother were, however, involved in a custody dispute over Child in Montana.  Under the applicable Montana custody order, each parent had "[a] full independent right of access to all records and information pertaining to the minor child, including but not limited to medical [records]" and was "permitted to independently consult with any and all professionals involved with the child."  Father served a Montana subpoena duces tecum upon Therapist, demanding she produce the "complete treatment file of [Child] including dates of treatment, diagnosis, reports, and notes of observations including those of the parent[]s, family members, etc."

[¶4]     Therapist filed a motion to quash the subpoena in the district court in Park County on the ground Father was requesting counseling records that were privileged and confidential pursuant to both Wyo. Stat. Ann. § 33-38-113 and the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d - 1320d-9. *See* 45 C.F.R. §§ 164.500 - 164.535.  She also claimed disclosure of the records "would be contrary to the minor child's best interests and would destroy the safe place that the minor child has established for herself in counseling."  After two hearings, the district court ruled Father was entitled to all the Child's therapy records except Therapist's "treatment notes, interviews, notes of impressions, or process notes."  The district court explained its decision to deny Father access to the notes and interviews as "err[ing] on the side of caution with regard to the best interests of the minor child."  It did not provide any other basis for the denial.  Father filed a timely notice of appeal.

1

## STANDARD OF REVIEW

[¶5]    We generally review a district court's ruling on a motion to quash a subpoena for abuse of discretion. *Hathaway v. State,* 2017 WY 92, ¶ 43, 399 P.3d 625, 636 (Wyo. 2017); *Schreibvogel v. State,* 2010 WY 45, ¶ 12, 228 P.3d 874, 880 (Wyo. 2010). Similarly, a district court's ruling that information is protected from disclosure by a statutory privilege is reviewed for abuse of discretion. *See WyoLaw, LLC v. Off. of Att'y Gen., Consumer Prot. Unit,* 2021 WY 61, ¶ 49, 486 P.3d 964, 977 (Wyo. 2021) ("We review a district court's discovery rulings, including its ruling on a claim of privilege, for an abuse of discretion.") (citing *Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 11, 452 P.3d 1276, 1280 (Wyo. 2019)) (other citation omitted). When applying the abuse of discretion standard of review, we examine "'the reasonableness of the [district] court's choice,' in ruling on the matter." *Schreibvogel,* ¶ 12, 228 P.3d at 880 (quoting *Gould v. State,* 2006 WY 157, ¶ 8, 151 P.3d 261, 264 (Wyo. 2006)). However, issues regarding the proper interpretation of court rules and statutes are matters of law we review de novo. *See McCallister v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.,* 2022 WY 66, ¶ 9, 510 P.3d 1051, 1055 (Wyo. 2022) (interpretation of Wyoming rules and regulations are matters of law reviewed de novo); *Tarver v. City of Sheridan Bd. of Adjustments,* 2014 WY 71, ¶ 20, 327 P.3d 76, 83 (Wyo. 2014) ("Interpretation of statutes [and] administrative regulations . . . is a matter of law, which we review de novo.").

## DISCUSSION

### *Subpoena Requesting Privileged Information and Motion to Quash*

[¶6]    The Park County District Court Clerk issued a foreign (Montana) subpoena duces tecum to Father, which commanded Therapist to produce the records of her therapy with Child. *See* Wyoming Rule of Civil Procedure (W.R.C.P.) 28(c)(2)(A)-(B) (a party may obtain interstate discovery by requesting the pertinent Wyoming clerk of court issue a "foreign subpoena"). After Father served the subpoena, Therapist filed a W.R.C.P. 28(c)(5) and W.R.C.P. 45(c)(3)(A)(iii) motion to quash, claiming the records were privileged under § 33-38-113 and HIPAA, and disclosure to Father was not in Child's best interests. *See* W.R.C.P. 28(c)(5) ("An application to the court . . . to . . . quash[] or modify a subpoena issued by a clerk of court under paragraph (c)(2) of this rule must comply with the rules or statutes of this state and be submitted to the court for the county in which discovery is to be conducted."); W.R.C.P. 45(c)(3)(A)(iii) ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies[.]").

[¶7]    The district court granted Therapist's motion to quash in part and denied it in part. Recognizing Child's therapy records were generally privileged but the privilege could be waived by Father, the court required Therapist to disclose all of Child's therapy records, except her "treatment notes, interviews, notes of impressions or process notes." The court

2

did not identify any provision in Wyoming law allowing such a restriction but decided to do so to protect Child's "best interests."

[¶8]    A legal privilege is generally described as "'a limitation on a court's ability to compel testimony regarding confidential communications that occur in certain relationships. 8 Wigmore, [*Evidence*] § 2285 at 527 [(McNaughton rev. 1961)].'" *Cave v. State, Dep't of Fam. Servs. (Matter of GAC),* 2017 WY 65, ¶ 37, 396 P.3d 411, 420 (Wyo. 2017) (quoting *Cooper v. State,* 2002 WY 78, ¶ 8, 46 P.3d 884, 888 (Wyo. 2002), and *Curran v. Pasek,* 886 P.2d 272, 275 (Wyo. 1994)) (some quotation marks omitted). W.R.C.P. 45 and § 33-38-113(a) govern subpoenas and claims of therapist-client privilege in Wyoming.

[¶9]    We interpret statutes to give effect to the legislature's intent by using the plain meaning of clear and unambiguous statutory language. *Matter of Longwell,* 2022 WY 56, ¶ 21, 508 P.3d 727, 733 (Wyo. 2022) (citing *Bangs v. Schroth*, 2009 WY 20, ¶ 32, 201 P.3d 442, 456 (Wyo. 2009)) (other citations omitted). *See also, Clark v. State ex rel. Dep't of Workforce Servs.,* 2016 WY 89, ¶ 13, 378 P.3d 310, 314 (Wyo. 2016) ("[w]hen interpreting statutes, our goal is to determine the legislature's intent"). To discern the legislature's intent, we interpret "'each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection.'" *TW v. State (In re JB),* 2017 WY 26, ¶ 12, 390 P.3d 357, 360 (Wyo. 2017) (quoting *Cheyenne Newspapers, Inc. v. Bd. of Trs. of Laramie Cnty. Sch. Dist. No. One,* 2016 WY 113, ¶ 10, 384 P.3d 679, 683-84 (Wyo. 2016)) (other citations and quotation marks omitted). We also apply the principles of statutory interpretation when determining the meaning of court rules, focusing on the plain meaning of the language used in the rule. *Raczon v. State,* 2021 WY 12, ¶ 8, 479 P.3d 749, 751 (Wyo. 2021) (citing *Gas Sensing Tech. Corp. v. New Horizon Ventures Pty. Ltd.,* 2020 WY 114, ¶ 26, 471 P.3d 294, 299 (Wyo. 2020)).

[¶10]   W.R.C.P. 45(c)(3)(A) plainly lists the circumstances under which the court shall quash or modify a subpoena, including if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." W.R.C.P. 45(c)(3)(A)(iii). Separately, W.R.C.P. 45(c)(3)(B) lists the circumstances under which the court may quash or modify a subpoena. Neither W.R.C.P. 45(c)(3)(A) nor W.R.C.P. 45(c)(3)(B) states a subpoena for a child's records shall or may be quashed because disclosure of the information would be contrary to a child's best interests.

[¶11]   Section 33-38-113 establishes a statutory "privilege for information communicated by a patient or client to professional counselors, marriage and family therapists, social workers, and chemical dependency specialists . . . ." *Cave,* ¶ 37, 396 P.3d at 420. *See also, Vit v. State,* 909 P.2d 953, 957-58 (Wyo. 1996) (recognizing the statutory privilege for communications between a therapist and client). Specifically, § 33-38-113(a) states:

In judicial proceedings . . . a patient or client, or his guardian or personal representative, may refuse to disclose and may prevent the disclosure of confidential information . . . communicated to [a therapist] for the purpose of diagnosis, evaluation or treatment of any mental or emotional condition or disorder. . . . [A therapist] shall not disclose any information communicated as described above in the absence of an express waiver of the privilege except in [circumstances not relevant in this case].

[¶12]   The legislative purpose in granting a statutory privilege for therapy records

is to encourage full and frank disclosure between an individual and a [therapist] for the purpose of effective diagnosis, evaluation, and treatment. Similar privileges have been justified on the bases that (1) counseling relationships would suffer if people chose not to communicate essential information to professionals because they feared that the professionals would be compelled to disclose such information in court and (2) such relationships involve the professional and the individual in an intimate relationship in which personal information is communicated that should be protected from public disclosure.

*Cooper,* ¶ 8, 46 P.3d at 888 (citation omitted).

[¶13] The plain language of § 33-38-113(a) allows disclosure of information communicated during therapy or counseling if there is an "express waiver of the privilege." *Id. See also, Cave,* ¶ 37, 396 P.3d at 420 (recognizing a therapist may disclose counseling information when there is a proper waiver). Given the first sentence of § 33-38-113(a) plainly states the right to assert the therapist-client privilege belongs to the client, her guardian, or her personal representative, the concomitant power to waive the privilege referenced in the second sentence of the statute naturally belongs to the client, her guardian, or her personal representative. *See TW,* ¶ 12, 390 P.3d at 360 (citing *Cheyenne Newspapers,* ¶ 10, 384 P.3d at 683-84 (stating this Court interprets statutes by giving effect to every word, clause, and sentence according to their arrangement and connection)) (other citations and quotation marks omitted). *See also generally, Daniel v. State,* 923 P.2d 728, 735-36 (Wyo. 1996) (stating a guardian ad litem refused to waive the children's privilege to "psychiatric or psychological records").

[¶14]   Considering the procedural and statutory directives together, Rule 45(c)(3)(A)(iii) clearly and unambiguously requires a court to quash a subpoena only when it seeks "disclosure of privileged or other protected matter and no exception or waiver applies,"

4

while § 33-38-113(a) establishes a privilege for therapy-client records but allows disclosure when the privilege is properly waived. The statute does not state a therapist can refuse to disclose any part of a child's therapy records, after a party properly waives the privilege, on the ground disclosure would not be in the child's best interests. By ordering production of some of Child's therapy records, the district court necessarily decided Father had the right to waive Child's privilege. Once it determined Father effectively waived the privilege, there was nothing in the plain language of Rule 45 or § 33-38-113 permitting it to partially quash the subpoena based on the Child's best interests.

### *Berg – Best Interests of Child*

[¶15] The district court relied upon a New Hampshire case, *In re Berg,* 886 A.2d 980 (N.H. 2005), as authority for considering Child's best interests when deciding whether to quash the subpoena. In that case, the father demanded his children's therapists produce their therapy records so he could use them as evidence in a child custody action. *Id., at* 983. The therapists refused because disclosure of the records was "not in the best interests of the children," and the guardian ad litem moved to seal the therapy records. *Id.* The trial court denied the guardian ad litem's motion on the ground that a parent's fundamental right to raise and care for his children overrode the children's rights to privacy. *Id.*

[¶16] The New Hampshire Supreme Court reversed. *Id.* at 982, 989-90. After analyzing the plain language of the state's privilege statute, it determined the minor children were protected by the therapist-client privilege and the privilege could be claimed or waived by "the client [or] the client's guardian," which included a parent with legal custody of a minor client. *Id.* at 984-85. Although the court acknowledged the father had a statutory right to waive the children's privilege, it also recognized New Hampshire custody statutes required courts to consider the best interests of the children, including the children's right to maintain privacy during therapy. *Id.* The court explained the policy behind the therapist-client privilege was to facilitate effective psychotherapy by giving clients confidence to make "frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 986 (quoting *Jaffee v. Redmond,* 518 U.S. 1, 10, 116 S.Ct. 1923, 1928, 135 L.Ed.2d 337 (1996)). According to the court, children caught in the middle of a custody case may need to discuss in therapy their parent-child relationships without fear the discussions will be revealed to their parents. *Id.* at 985-87.

[¶17] Furthermore, a parent embroiled in a custody dispute may have "'a conflict of interest in acting on behalf of the child in asserting or waiving the privilege of nondisclosure.'" *Id.* at 985 (quoting *Nagle v. Hooks,* 296 Md. 123, 460 A.2d 49, 51 (1983)). "[T]here is a distinct possibility that one, or even both, of the parents will exercise the power to waive or assert the child's privilege 'for reasons unconnected to the polestar rule of the best interests of the child.'" *Id.* (quoting *Nagle,* 460 A.2d at 51) (some quotation marks omitted). The *Berg* court, therefore, "recognize[d] the tension in [custody] cases between the rights and responsibilities of parents and the rights of children." *Id.* at 985. It

concluded "[p]arental rights are not absolute, but are subordinate to the State's *parens patriae* power, and must yield to the welfare of the child. . . . [I]n the context of divorce and custody litigation, the . . . court often must weigh the rights of parents against the best interests of the children." *Id.* at 984 (citations and quotation marks omitted).

[¶18] Weighing the competing interests, the New Hampshire Supreme Court decided "parents d[id] not have the exclusive right to assert or waive the privilege on their child's behalf. The trial court ha[d] the authority and discretion to determine whether assertion or waiver of the privilege [was] in the child's best interests." *Id.* at 987. It reversed and remanded for the trial court to conduct an evidentiary hearing on whether release of the therapy records to the father was in the children's best interests. *Id.* at 987-88.

[¶19] There are several reasons *Berg* does not support the Park County district court's decision prohibiting Father from accessing Therapist's "treatment notes, interviews, notes of impressions, or process notes" to protect Child's best interests. First, the trial court in *Berg* that considered the guardian ad litem's motion to seal the children's therapy records was the same court considering the custody action. Thus, it was not only permitted but was required by statute to consider the children's best interests. In this case, by contrast, the Montana court oversees the custody action and is tasked with protecting Child's best interests. The Wyoming court has only the duty to decide Therapist's motion to quash in the context of W.R.C.P. 45 and § 33-38-113.

[¶20] Second, even if we were to assume the best interests issue was properly before the district court on Therapist's motion to quash, neither the court nor the parties addressed the constitutional implications of a parent waiving the therapist-client privilege in order to obtain a child's therapy records under Wyoming law. In *Berg*, the court conducted a full analysis of New Hampshire's privilege and custody statutes in the context of the parents' fundamental right to raise their children (which included the right to oversee the children's medical and mental health treatment) and the state's authority to infringe upon that fundamental right to protect the best interests of the children. We performed a similar exercise in *Ailport v. Ailport,* 2022 WY 43, ¶¶ 6-32, 507 P.3d 427, 432-40 (Wyo. 2022), when we evaluated Wyoming's grandparent visitation statute by weighing the parents' fundamental constitutional right to raise their children as they see fit against the state's right to protect the best interests of the children, which could include the right to visit grandparents. The parties and the district court did not perform any such analysis in this case.

[¶21] Third, even if the district court had performed the statutory and constitutional analyses and concluded consideration of Child's best interests was required in determining whether the therapy records should be disclosed, it still had an obligation to hear evidence about Child's best interests. The district court did not hold an evidentiary hearing or make any factual findings regarding Child's best interests; rather, it just assumed Child's best

interests would be served by allowing Therapist to withhold a certain category of therapy notes. This was an abuse of discretion.

[¶22] Under these circumstances, the district court erred by using Child's best interests as a basis for partially granting Therapist's motion to quash.

### HIPAA Regulations

[¶23] Although not expressly stated, certain language in the district court's order suggests the decision to carve out a category of Child's therapy records from disclosure was also based upon Therapist's argument that "psychotherapy notes" are not accessible to clients (or their legal representatives) under the HIPAA regulations promulgated by the U.S. Department of Health and Human Services (HHS). 42 U.S.C. §§ 1320d - 1320d-9. *See* 45 C.F.R. §§ 164.500 - 164.535. Therapist raised this issue in both her motion to quash and on appeal by asserting 45 C.F.R. § 164.524(a)(1)(i) excludes psychotherapy notes from disclosure to the parent of an unemancipated minor.

[¶24] 45 C.F.R. § 164.524(a)(1)(i) states an "individual has a right of access to inspect and obtain a copy of protected health information . . . except for [p]sychotherapy notes[.]" "Individual means the person who is the subject of protected health information." 45 C.F.R. 160.103. When the "individual" is an unemancipated minor, a parent with authority to act on behalf of the child in making health care decisions has the same rights to information and is subject to the same restrictions as the child. 45 C.F.R. 164.502(g)(3)(i). *See also, Berg,* 886 A.2d at 989 (explaining that under HIPAA regulations a parent generally has authority to act on behalf of his child). Thus, a parent does not, under the above-cited HIPAA regulations, have a right to access his or her child's psychotherapy notes.

[¶25] In its commentary in the Federal Register prior to adoption of the HIPAA regulations, HHS defined "psychotherapy notes" (also referred to as "process notes") as notes that "capture the therapist's impressions about the patient, contain details of the psychotherapy conversation considered to be inappropriate for the medical record, and are used by the provider for future sessions." 65 Fed. Reg. 82462-01, 82622-23 (Dec. 28, 2000) (to be codified at 45 C.F.R. pts. 160, 164).[1] The district court's order excepting Child's "interviews, notes of impressions or process notes" from disclosure tracked the Federal Register language. The district court also included "treatment notes" in its restriction, but it did not define that term.

---

[1] The definition of "psychotherapy notes" ultimately included in 45 C.F.R. § 164.501 does not contain the precise language included in the Federal Register or the district court's order in this case. The codified definition of "psychotherapy notes" is "notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record." *Id.*

[¶26]  While the district court used language associated with the HIPAA regulations in defining the category of Child's therapy records exempt from disclosure, it did not cite the regulations as authority for its order, nor should it have.  The HIPAA regulations are not meant "to shield psychotherapy notes entirely from discovery in a judicial proceeding." *Kalinoski v. Evans,* 377 F.Supp.2d 136, 138 n.3 (D.D.C. 2005) *abrogated on other grounds by Koch v. Cox,* 489 F.3d 384, 387, 391 (D.C. Cir. 2007).  In fact, it is well established that the HIPAA regulations do not create a privilege or govern disclosure in court actions.  *Polk v. Swift,* 339 F.R.D. 189, 195-96 (D.Wyo. 2021).  "HIPAA is purely procedural in nature . . . [and] HIPAA regulations do not trump the rules of civil procedure with respect to discovery obligations or questions of relevance." *Id.* (citing *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 925-26 (7th Cir. 2004)) (some quotation marks omitted).  Under 45 C.F.R. § 164.512(e)(1)(i)-(ii), "a covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal . . . or . . . [i]n response to a subpoena, discovery request, or other lawful process" provided certain procedural safeguards are met.  *See also, Bayne v. Provost*, 359 F.Supp.2d 234, 237 (N.D.N.Y. 2005) ("it is evidently denudate that a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase") (citing C.F.R. § 164.512(e)(1)(ii)).  In *Evenson v. Hartford Life & Annuity Ins. Co.,* 244 F.R.D. 666, 668 (M.D. Fla. 2007), the court ruled psychotherapy notes may be disclosed in judicial proceedings because the HIPAA regulations do not "limit[] the type of records subject to disclosure in response to a court order or subpoena."

[¶27]  HIPAA does not support the district court's decision to exempt from disclosure under Father's subpoena Therapist's "treatment notes, interviews, notes of impressions, or process notes" from treating Child.

## CONCLUSION

[¶28]  The district court abused its discretion by granting Therapist's motion to quash Father's subpoena to protect Child's best interests.  Since the district court did not identify any other statutory or procedural basis to quash Father's subpoena, we reverse and remand for issuance of a new order fully denying Therapist's motion to quash the subpoena.