# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 135

### OCTOBER TERM, A.D. 2024

December 13, 2024

VINCENT DANIEL HAYES,

Appellant
(Defendant),

v.

S-24-0034

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
The Honorable Catherine E. Wilking, Judge

*Representing Appellant:*

Office of the State Public Defender:  Ryan Roden, Interim Wyoming State Public Defender*; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.  Argument by Ms. Cooper.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Samuel Williams Senior Assistant Attorney General.  Argument by Mr. Williams.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

\* An Order Substituting Ryan Roden for Diane Lozano was entered on August 9, 2024.

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]    A jury convicted Vincent Hayes of second-degree murder for shooting and killing his father, William Johnson.  Mr. Hayes claims the district court erred when it instructed the jury it may infer malice from the use of a deadly weapon.  He argues the instruction was improper in light of his self-defense claim.  We affirm.

### ISSUE

[¶2]    Did the district court commit plain error when it instructed the jury that it may infer malice from Mr. Hayes' use of a deadly weapon when he claimed he acted in self-defense?

### FACTS

[¶3]    On November 11, 2021, forty-year-old Vincent Hayes and his father, William Johnson, began arguing at their family home in Casper.  At one point during the argument, Mr. Hayes told Mr. Johnson he was going to get a gun to prove his point.  As the argument intensified, Mr. Hayes retreated to the basement where he quietly loaded and armed himself with a handgun.  Mr. Johnson also retrieved his own handgun.  After about 15-20 minutes in the basement, Mr. Hayes went back upstairs and shot Mr. Johnson in the head, killing him.  Mr. Hayes claimed he shot Mr. Johnson because he thought Mr. Johnson was about to shoot him.  Mr. Hayes' mother, who was in the kitchen, heard a shot fired, but did not witness the shooting.

[¶4]    After killing his father, Mr. Hayes attempted to clean up the blood, and hid his firearm, ammunition, and blood-stained gloves in the basement.

[¶5]    Mr. Hayes also asked his mother not to call the police, which she refrained from doing until the next morning.  After the police arrived on the morning of November 12, Mrs. Johnson and Mr. Hayes told them a fabricated story about an intruder who shot Mr. Johnson.  However, Mr. Hayes eventually admitted making up the intruder story because he did not think anyone would believe he acted in self-defense.  Police subsequently arrested Mr. Hayes.

[¶6]    The State charged Mr. Hayes with second-degree murder in violation of Wyo. Stat. Ann. § 6-2-104 (LexisNexis 2023).  After a mental health evaluation found him incompetent to stand trial, Mr. Hayes was committed to the Wyoming State Hospital to restore him to competency.  In November 2022, the Wyoming State Hospital filed a report indicating no remaining concerns about Mr. Hayes' competency to proceed to trial and, at a subsequent hearing, Mr. Hayes did not object.

1

[¶7]   At his arraignment on February 16, 2023, Mr. Hayes pleaded not guilty and not guilty by reason of mental illness or deficiency.  He later withdrew his plea of not guilty by reason of mental illness or deficiency, and the case proceeded to trial in August 2023.

[¶8]   Mr. Hayes' defense at trial was that he shot Mr. Johnson in self-defense or, in the alternative, he was only guilty of voluntary manslaughter, a lesser included offense to second-degree murder.[1]

[¶9]   After the close of evidence, the district court instructed the jury on the elements of second-degree murder:

> The elements of the crime of Murder in the Second Degree, as charged in Count One in this case, are:
>
> 1.  On or about November 11, 2021[;]
> 2.  In Natrona County, Wyoming;
> 3.  The Defendant, Vincent Daniel Hayes;
> 4.  Purposely; and
> 5.  Maliciously,
> 6.  Killed a human being to-wit:  William Johnson, and
> 7.  Defendant did not act upon a sudden heat of passion.

[¶10]  The jury also received an instruction on the definition of "maliciously," which read:

> The term "maliciously" means that the act constituting the offense was done without premeditation, was reasonably likely to result in death, was done recklessly under circumstances manifesting an extreme indifference to the value of human life and was done without legal justification or excuse.
>
> Maliciously and a sudden heat of passion are mutually exclusive.  This means that if you find the Defendant acted maliciously, he could not have acted upon a sudden heat of passion.  Conversely, it also means that if you find Defendant acted upon a sudden heat of passion, he could not have acted maliciously.

[¶11]  Without objection from Mr. Hayes, the jury was also instructed on the permissive inference of malice:

---

[1] Pursuant to Wyo. Stat. § 6-2-105(a) (LexisNexis 2023), "A person is guilty of manslaughter if he unlawfully kills any human being without malice, expressed or implied [ ]: (i) Voluntarily, upon a sudden heat of passion."

2

You are instructed that you may, but are not required to, infer malice from the use of a deadly weapon. The existence of malice, as well as each and every element of the charge of Second Degree Murder, must be proved beyond a reasonable doubt.

This is the jury instruction at issue in this appeal.

[¶12] Based on Mr. Hayes' claim of self-defense, the court also gave the jury various instructions on the law of self-defense, including as follows:

No. 20 – The State must prove beyond a reasonable doubt that the defendant did not act in self-defense. Self-defense is a right that can be exercised only when the person employing it has the right to do so at the moment it is used. Whether he has that right depends on what is reasonably necessary under all the circumstances.

No. 21 – To determine what is reasonably necessary you must determine whether the defendant reasonably perceived a threat of imminent death or serious bodily harm under the circumstances. If the defendant reasonably and honestly believed that he was in imminent danger of death or serious bodily harm and the force used was necessary to repel that danger, he may have been entitled to self-defense. The perceived danger may have been real, apparent, or later determined to be false.

[¶13] The jury convicted Mr. Hayes of second-degree murder, and the district court sentenced him to 50 to 75 years in prison, with credit for 755 days served. This appeal followed.

**STANDARD OF REVIEW**

[¶14] "The district court 'has extensive discretion in tailoring jury instructions, so long as they correctly state the law and fairly and adequately cover the issues presented.'" *Farrow v. State*, 2019 WY 30, ¶ 12, 437 P.3d 809, 815 (Wyo. 2019) (quoting *Merit Energy Co., LLC v. Horr*, 2016 WY 3, ¶ 23, 366 P.3d 489, 497 (Wyo. 2016)). When there is no objection to a jury instruction, we review for plain error. *Farrow*, ¶ 12, 437 P.3d at 815 (citing *Schmuck v. State*, 2017 WY 140, ¶ 32, 406 P.3d 286, 297 (Wyo. 2017)).

3

[¶15]   To establish plain error, an appellant must show:  (1) the record clearly reflects the incident urged as error; (2) a violation of a clear and unequivocal rule of law in a clear and obvious manner; and (3) the appellant was denied a substantial right which caused the appellant material prejudice.  *Lee v. State,* 2024 WY 97, ¶ 12, 555 P.3d 496, 499 (Wyo. 2024) (citations omitted).

## DISCUSSION

[¶16]   In relevant part, Wyoming's second-degree murder statute states:

> Except as provided in W.S. 6-2-109[2], whoever purposely and maliciously, but without premeditation, kills any human being is guilty of murder in the second degree, and shall be imprisoned in the penitentiary for any term not less than twenty (20) years, or during life.

Wyo. Stat. Ann. § 6-2-104(a).

[¶17]   Mr. Hayes contends the district court committed plain error when it instructed the jury it could infer malice from his use of a deadly weapon given his self-defense claim.  He argues, despite this Court's prior approval of permissive inference of malice instructions in cases not involving self-defense, the interplay between the instruction and the self-defense claim in this case renders the instruction improper.  He also argues that even if stare decisis applies, this case presents an opportunity for this Court to resist the constraints of precedent as a matter of public policy.

[¶18]   As the State concedes, the first prong of the plain error analysis is satisfied because the alleged error is clearly reflected in the record.  The crux of this case is the second prong of the analysis—whether the district court violated a clear and unequivocal rule of law in a clear and obvious manner.  A merely arguable violation is insufficient to establish plain error.  *Ingersoll v. State,* 2022 WY 74, ¶ 10, 511 P.3d 480, 484 (Wyo. 2022).  "'Under the plain error standard of review, we reverse a district court's decision only if it is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to raise the issue.'"  *Dixon v. State*, 2019 WY 37, ¶ 27, 438 P.3d 216, 228 (Wyo. 2019) (quoting *Garriott v. State*, 2018 WY 4, ¶ 21, 408 P.3d 771, 780 (Wyo. 2018)).

### *Jury Instructions*

[¶19]   Due process requires the State prove every element of a crime beyond a reasonable doubt.  *Hernandez v. State,* 2007 WY 105, ¶ 11, 162 P.3d 472, 476 (Wyo. 2007).  Proper

---

[2] Wyo. Stat. § 6-2-109 (LexisNexis 2023) provides a sentencing enhancement for crimes against a victim who was pregnant when the crime was committed.

jury instructions are critical to our criminal justice system and ensuring the jury understands its role in that regard:

> The function of jury instructions is to afford the jury with a foundational legal understanding to enable a reasoned application of the facts to the law. Two major principles of our system of justice are unwavering adherence to the rule of law, and trust in juries to resolve factual disputes. Correct instructions on the law are the thread that binds those two principles together. They make it possible for the jury to apply general rules of law enacted by the legislature or adopted by the courts to the particular case before it.

*Person v. State,* 2023 WY 26, ¶ 62, 526 P.3d 61, 77 (Wyo. 2023) *(quoting Andersen v. State*, 2014 WY 88, ¶ 14, 330 P.3d 256, 260 (Wyo. 2014) (cleaned up)). Although our review is for plain error, we nonetheless afford a district court significant deference. Further:

> Jury instructions must be considered as a whole, and individual instructions, or parts of them, should not be singled out and considered in isolation. We confine our review to a search for prejudicial error. As long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found.

*Creecy v. State*, 2009 WY 89, ¶ 18, 210 P.3d 1089, 1093 (Wyo. 2009) (internal citations and punctuation omitted).

### *Mandatory v. Permissive Inference Instructions*

[¶20] In Wyoming, a court is allowed to instruct the jury on permissive inferences or evidentiary presumptions. Specifically, Wyoming Rule of Evidence (W.R.E.) 303 governs presumptions against a criminal defendant, including instructing juries on permissive inference instructions:

> (a) *Scope*. Except as otherwise provided by statute, in criminal cases, presumptions against an accused, recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this rule.
> (b) *Submission to Jury*. The court is not authorized to direct the jury to find a presumed fact against the accused. If a presumed fact establishes guilt or is an element of the offense

or negatives a defense, the court may submit the question of guilt or of the existence of the presumed fact to the jury, but only if a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. If the presumed fact has a lesser effect, the question of its existence may be submitted to the jury provided the basic facts are supported by substantial evidence or are otherwise established, unless the court determines that a reasonable juror on the evidence as a whole could not find the existence of the presumed fact.

(c) *Instructing the Jury.* Whenever the existence of a presumed fact against the accused is submitted to the jury, the court shall instruct the jury that it may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the court shall instruct the jury that its existence, on all the evidence, must be proved beyond a reasonable doubt.

[¶21] Of course, permissive inference[3] instructions must meet constitutional requirements. *Harley v. State,* 737 P.2d 750, 754-55 (Wyo. 1987). As we explained in *Harley*, "[e]videntiary presumptions are unconstitutional if they 'have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime.'" *Id.* (internal quotation omitted). However, permissive inferences are constitutional if "the connection between the inferred fact and the proven fact is one that reason and common sense justify in the light of the facts in a particular case." *Id.* (citation omitted).

[¶22] This is not a "novel or unique" concept in Wyoming. *Id.* In analyzing the propriety of the instruction in *Harley*, we applied United States Supreme Court precedent, including *Sandstrom v. Montana,* 442 U.S. 510, 523, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979). The Supreme Court held in *Sandstrom* that mandatory presumptions, or even rebuttable presumptions that shift the burden of persuasion to the defendant, violate the Fourteenth Amendment. *Id.,* 442 U.S. at 523-24, 99 S.Ct. at 2459. To determine whether an instruction includes an unconstitutional inference or presumption, a court should determine how a reasonable juror would understand the instruction on the inference. *Francis v. Franklin,* 471 U.S. 307, 314, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344 (1985). The verb used in the instruction, i.e., "may," "shall," or "must," is highly significant in applying this test. *Harley,* 737 P.2d at 754-55.

---

[3] Historically, the terms "presumption" and "inference" are used interchangeably in the context of evidentiary devices. *See, e.g., Cnty. Court of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979).

[¶23] Even before the United States Supreme Court decided *Sandstrom*, this Court cautioned against presumptions that could relieve the State of its burden on a particular element of a charged crime. In *Stuebgen v. State,* 548 P.2d 870 (Wyo. 1976), this court examined the history of the law of specific intent in analyzing the propriety of an instruction permitting a jury to infer intent in the context of possession with intent to deliver a controlled substance. We explained that with general intent crimes "intent may be implied from established facts and the accused may be presumed to do what he does." *Id.* at 882. However, with specific intent crimes, "the specific intent must be proved as an independent fact and cannot be presumed from the commission of the unlawful act." *Id.* (quoting in part *United States ex. rel. Vraniak v. Randolph,* 261 F.2d 234, 237 (7th Cir. 1958), cert. den. 359 U.S. 949, 79 S.Ct. 733, 3 L.Ed.2d 681 (1959)). We elaborated on the danger of presumption of intent instructions as follows:

> The use of the presumption assists the prosecutor in not having to produce evidence of intention, at least until the presumption is rebutted. But it clearly denies the jury of the opportunity to make up its own minds on the question of intention because there is no probative evidence introduced from which it can base its own finding. In this respect, the presumption instruction is diametrically opposite that of the use of deductions and inferences which the jury may logically and properly draw from facts and circumstances introduced which point toward intention.

*Id.* at 884-85.

[¶24] In *Krucheck v. State,* 671 P.2d 1222, 1223 (Wyo. 1983), decided after *Sandstrom,* this Court continued to refine its precedent on permissive inference instructions and invalidated an instruction that stated "the use of a deadly weapon in a deadly or dangerous manner raises a presumption of malice." We held the instruction violated both W.R.E. 303 and the principles enunciated in *Sandstrom* because it did not include the required disclaimers under Rule 303 and read as mandatory. *Id.* at 1223-25. As we explained, Rule 303 contains two limitations on an instruction that purports to state a permissive presumption. First, the instruction must express that the presumption is not required. *Id.* at 1223. Second, if the presumption would establish an element of a crime, the instruction must make clear that the element must still be proven beyond a reasonable doubt. W.R.E. 303. In *Hernandez,* this Court subsequently invalidated instructions that were "nearly identical" to those in *Krucheck* because they violated clearly established law by failing to comply with Rule 303. *Hernandez*, ¶¶ 10-16, 162 P.3d at 476-77.

### Recent Developments

[¶25] More recently, this Court analyzed the constitutional bounds of permissive inferences in jury instructions and compared the district court's instructions to those given in *Hernandez* and *Krucheck*. *Hereford v. State,* 2015 WY 17, ¶ 15, 342 P.3d 1201, 1205 (Wyo. 2015) (comparing cases). In *Hereford,* a jury convicted the defendant of second-degree murder for killing his cousin with a firearm. *Id.*, ¶ 1, 342 P.3d at 1203. On appeal, the defendant challenged a jury instruction that read:

> You are instructed that you may, but are not required, to presume malice from the use of a deadly weapon. This presumption is not mandatory and the existence of malice, as well as each and every element of the charge of murder in the second degree, must be proved beyond a reasonable doubt.

*Id.,* ¶ 17, 342 P.3d at 1205. We reiterated that mandatory presumptions impermissibly shift the State's burden of proof to the defendant and are therefore unconstitutional because they deprive a defendant of due process. *Id.*, ¶ 15, 342 P.3d at 1205 *(citing Hernandez,* ¶ 14, 162 P.3d at 476; *Sandstrom*, 442 U.S. at 519, 99 S.Ct. at 2456-57 (other citations omitted)). Harkening back to *Harley*, we again explained inference[4] instructions are only appropriate if they are sufficiently characterized as permissive and "the connection between the presumed fact and the proven fact is one that reason and common sense justify in light of the circumstances of the case." *Id.* (citing *Harley*, 737 P.2d at 754 (other citations omitted)). We also explained, "… there may be cases in which a court should decline to provide such an instruction, as it may be unnecessary." *Id.,* ¶ 22, 342 P.3d at 1207.

[¶26] This Court ultimately reasoned the instruction in *Hereford* was warranted, given the defendant brandished a pistol throughout the night, stated his desire to shoot someone, and threatened one victim with the pistol while informing her he used it to kill another person. *Hereford,* ¶ 27, 342 P.3d at 1208. We reasoned "the presumption contained in th[e] [inference of malice] instruction is one that a reasonable juror could only view as permissive when it is read with all of the other instructions." *Id.,* ¶ 21, 342 P.3d at 1206 (*citing Harley,* 737 P.2d at 755; *Hernandez,* ¶ 14, 162 P.3d at 477). We concluded that because the instruction was not mandatory, it did not shift the burden of proof, and it comported with the constitution, controlling case law, and the requirements set out in W.R.E. 303(c). *Id.* It follows then, "where a defendant's state of mind is at issue in a criminal case … and if the facts and circumstances allow, [this Court's] precedent permits a judge to instruct the jury that it may … infer malice by the use of a deadly weapon." *Hereford,* ¶ 26, 342 P.3d at 1208.

---

[4] In *Hereford,* ¶¶ 22-23, 342 P.3d at 1207, this Court announced its preference for use of the term "inference" rather than "presumption," eliminating potential juror confusion in light of the presumption of innocence for criminal defendants.

[¶27]   We also discussed these principles in *Sam v. State,* 2017 WY 98, 401 P.3d 834 (Wyo. 2017), a case involving self-defense where the jury was instructed on malice in the context of first-degree murder and the lesser included offense of second-degree murder. *Id.*, *¶¶* 42-44, 401 P.3d at 850-51.   One of the instructions at issue related to the inference of malice, although the interplay between self-defense and the permissive inference of malice was not directly at issue.   Rather, Mr. Sam's issue with the inference of malice instruction was essentially that the district court used an outdated and inappropriate instruction from *Eckert v. State,* 680 P.2d 478, 483 (Wyo. 1984).   According to Mr. Sam, the instruction was not appropriate in the context of first-degree murder and also did not comply with W.R.E. 303(c).   *Sam*, ¶ 42, 401 P.3d at 850.   Considering the instructions as a whole, as we were required to do, we held the district court did not violate clearly established law when it gave the instruction.   *Id.*   Although we held the district court did not commit plain error, we also expressly recognized the *Hereford* inference of malice instruction for its "more faithful[]" compliance with Rule 303.   *Id.*, ¶ 44, 401 P.3d at 851. We also announced the principles embodied in the *Hereford* instruction "should be considered clearly established law" and the instruction itself "should be given" when an inference of malice instruction is deemed appropriate.   *Id.*   Importantly, the instruction from *Hereford*, with minor alterations, is the same instruction given in the case at bar.   Just as importantly for the purposes of plain error analysis, nothing in *Sam* expressed or implied any new constraints on use of the permissive inference instruction if self-defense is raised; we simply repeated that there may be cases where a court may decline to provide the instruction if it is unnecessary.   *Id.*, ¶ 43, 401 P.3d at 850.   The decision also did not indicate the malice instruction somehow affected the State's burden of disproving Mr. Sam's self-defense claim.

### *Clear and Unequivocal Rule of Law*

[¶28]   The inference of malice instruction given to the jury in this case represented the clear and unequivocal law in Wyoming for inferences of malice in second-degree murder cases.   It was nearly identical to the instruction from *Hereford*, which we announced represents clearly established law.   It included the necessary disclaimers that the jury was not required to adopt the inference and the State maintained the burden to prove each and every element of second-degree murder, including malice, beyond a reasonable doubt. Considering the jury instructions as a whole, the instructions correctly stated the law.

[¶29]   In addition, the connection between the presumption of malice and the use of a gun in this case "is one that reason and common sense justify in the light of the circumstances of the case."   *Hereford*, ¶ 15, 342 P.3d at 1205 (citing *Harley*, 737 P.2d at 754 (other citations omitted)).   While they were arguing, Mr. Hayes told his father he was going to get a gun to prove his point.   He then went to the basement to get a firearm, loaded it, and waited for fifteen to twenty minutes before returning upstairs.   Even though Mr. Hayes had the ability to leave the home, he did not.   Instead, he reengaged Mr. Johnson, and then shot him.   After shooting his father, Mr. Hayes hid the weapon and other evidence, and made

up a story about an intruder. We are satisfied that these facts allowed the court to give a permissive inference of malice instruction, even in light of Mr. Hayes' claim of self-defense.

[¶30] Applying our plain error standard of review, we cannot say that use of the permissive inference of malice instruction in this case violated clearly established law. As a result, we need not analyze the third prong of plain error analysis, whether Mr. Hayes proved that he was denied a substantial right resulting in material prejudice against him.

### *Stare Decisis*

[¶31] Finally, Mr. Hayes asserts that even if the district court did not commit plain error, we should nevertheless overrule or distinguish our precedent in cases involving self-defense, based on the holdings and reasoning from other jurisdictions. Mr. Hayes cites several cases from other jurisdictions that disapprove of or forbid an inference of malice instruction. All but one of the cases cited by Mr. Hayes precede this Court's analysis and decisions in *Hereford* and *Sam*, with two dating back to the 1800s.[5] This has at least some significance, since *Sam* involved a claim of self-defense and nothing about the decision indicated any hesitancy to approve of inference of malice instructions under such circumstances.

[¶32] More significantly, stare decisis is an important principle which furthers the "'evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" *Hassler v. Circle C Resources,* 2022 WY 28, ¶ 19, 505 P.3d 169, 175 (Wyo. 2022) (quoting *McCallister v. State ex rel. Dept. of Workforce Servs.,* 2019 WY 47, ¶ 21, 440 P.3d 1078, 1084 (Wyo. 2019)) (other quotations omitted). The United States Supreme Court has ruled that permissive inference instructions are constitutional, provided certain requirements are met. We have applied that law in the context of inference of malice instructions in murder cases in Wyoming, and district courts and litigants are entitled to rely upon those decisions.

[¶33] While we remain willing to consider departure from precedent when necessary, the departure should only occur "upon due reflection" and only when we are convinced the departure is necessary to "'vindicate plain, obvious principles of law and remedy continued injustice.'" *Swett v. State,* 2018 WY 144, ¶ 52, 431 P.3d 1135, 1148 (Wyo. 2018) (quoting *McGinn v. State,* 2015 WY 140, ¶ 28, 361 P.3d 295, 301 (internal quotation omitted)). Given Mr. Hayes' failure to raise this issue before the district court, this case and the parties' briefing do not lend themselves to the type of thoughtful, deliberate consideration required to determine whether to overturn precedent that this Court has

---

[5] Of all the cases cited by Hayes, only *State v. Burdette,* 832 S.E.2d 575 (S.C. 2019) was decided after this Court issued its decisions in *Hereford* and *Sam.*

carefully established over the course of the past many years. In the absence of plain error in this case, we leave that task for another day.

## CONCLUSION

[¶34] The district court did not err when it instructed the jury on the permissive inference of malice.

[¶35] Affirmed.