# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 87

APRIL TERM, A.D. 2025

August 5, 2025

DIANNA ELLIS, as Wrongful Death
Representative for the Estate of Burke
Henry McCarthy,

Appellant
(Plaintiff),

v.

S-24-0227

WESLEY HISER, M.D., an individual,

Appellee
(Defendant).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
> Benjamin Scherner of Platte River Injury Law, Casper, Wyoming. Argument by Mr. Scherner.

*Representing Appellee:*
> Patrick J. Murphy and Jeffrey C. Brinkerhoff of Williams, Porter, Day & Neville, P.C., Casper, Wyoming. Argument by Mr. Murphy.

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

*FOX, J., delivers the opinion of the Court; FENN, J, files a dissenting opinion in which BOOMGAARDEN, C.J., joins.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   Burke McCarthy died October 24, 2018. His daughter and wrongful death representative, Dianna Ellis, filed a wrongful death action against Wesley Hiser, M.D., and Wyoming Medical Center on February 3, 2021. She voluntarily dismissed her suit on February 2, 2023. On December 27, 2023, Ms. Ellis refiled her complaint under Wyoming's general savings statute, Wyo. Stat. Ann. § 1-3-118 (2023). Dr. Hiser, who was served with notice of the suit for the first time on February 2, 2024, moved to dismiss the refiled suit. The district court granted Dr. Hiser's motion to dismiss, and Ms. Ellis appealed. We affirm.

## ISSUE

[¶2]   The parties present multiple issues, but the following single issue is dispositive: Does Wyo. Stat. Ann. § 1-3-118 apply to actions that are voluntarily dismissed by the plaintiff?

## FACTS

[¶3]   Burke McCarthy died on October 24, 2018, after being treated by Dr. Hiser at the Wyoming Medical Center. Ms. Ellis filed her original complaint for wrongful death against Dr. Hiser and Wyoming Medical Center on February 3, 2021.[1] Ms. Ellis did not serve Dr. Hiser with that complaint, and on February 2, 2023, she voluntarily dismissed her suit against Dr. Hiser under W.R.C.P. 41(a).

[¶4]   On December 27, 2023, Ms. Ellis refiled her complaint against Dr. Hiser, contending Wyoming's savings statute, Wyo. Stat. Ann. § 1-3-118, granted her an additional year in which to commence a new action. She served Dr. Hiser on February 2, 2024, more than five years after Mr. McCarthy's death. The district court granted Dr. Hiser's motion to dismiss the refiled complaint, finding the court never obtained jurisdiction over Dr. Hiser in the original action, and therefore the savings statute could not apply.

[¶5]   This appeal timely followed.

---

[1] The two-year statute of limitations was tolled for a few months while Ms. Ellis pursued her claim before the Wyoming Medical Review Panel.

## STANDARD OF REVIEW

[¶6]   Dr. Hiser moved to dismiss Ms. Ellis's complaint under W.R.C.P. 12(b)(1) and 12(b)(6). The district court's order granting Dr. Hiser's motion did not specify which subsection it relied on in granting the motion.

> "Our review of a motion to dismiss, whether under W.R.C.P. 12(b)(6) or 12(b)(1), is de novo." *Allred v. Bebout*, 2018 WY 8, ¶ 29, 409 P.3d 260, 268 (Wyo. 2018). "[W]e employ the same standards and examine the same materials as the district court: we accept the facts alleged in the complaint or petition as true and view them in the light most favorable to the non-moving party." *Moose Hollow Holdings, LLC v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2017 WY 74, ¶ 20, 396 P.3d 1027, 1033 (Wyo. 2017) (quoting *Guy v. Lampert*, 2015 WY 148, ¶ 12, 362 P.3d 331, 335 (Wyo. 2015)). Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief. *Dowlin v. Dowlin*, 2007 WY 114, ¶ 6, 162 P.3d 1202, 1204 (Wyo. 2007); *Ecosystem Res., L.C. v. Broadbent Land & Res., L.L.C.*, 2007 WY 87, ¶ 8, 158 P.3d 685, 687 (Wyo. 2007); W.R.C.P. 12(b)(6).

*BJ v. KM*, 2021 WY 37, ¶ 4, 481 P.3d 1138, 1139-40 (Wyo. 2021). "Additionally, we may affirm a district court decision on any basis supported by the record." *Hull v. N. Lincoln Hosp. Dist.*, 2025 WY 6, ¶ 19, 561 P.3d 791, 796 (Wyo. 2025) (citing *Winney v. Jerup*, 2023 WY 113, ¶ 30, 539 P.3d 77, 86 (Wyo. 2023)).

[¶7]   We also apply a de novo standard of review to the interpretation of statutes and court rules. *Loyning v. Potter*, 2024 WY 82, ¶ 5, 553 P.3d 128, 130 (Wyo. 2024) (citing *McCalister v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2022 WY 66, ¶ 9, 510 P.3d 1051, 1055 (Wyo. 2022)); *Tarver v. City of Sheridan Bd. of Adjustments*, 2014 WY 71, ¶ 20, 327 P.3d 76, 83 (Wyo. 2014).

## DISCUSSION

[¶8]   Wyoming's savings statute provides:

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause

of action survives, may commence a new action within one (1) year after the date of the failure or reversal.

Wyo. Stat. Ann. § 1-3-118.

[¶9]   In *Hugus v. Reeder*, 2022 WY 13, ¶¶ 14-15, 503 P.3d 32, 35-36 (Wyo. 2022), we held that a voluntary dismissal qualifies as a failure "otherwise than upon the merits," thereby triggering the savings statute. Unfortunately, as the dissent illustrates, this holding opens the door to gamesmanship and the type of delay our rules are designed to prevent.[2]

[¶10]  When Ms. Ellis's original suit was filed on February 3, 2021, Rule 3 stated: "A civil action is commenced by filing a complaint with the court." W.R.C.P. 3 (2017). By the time Ms. Ellis refiled her complaint on December 23, 2023, Rule 3 had been amended to read:

> A civil action is commenced by filing a complaint with the court, except when an action has been dismissed pursuant to Rule 4(w). When an action has been dismissed pursuant to Rule 4(w) and a new action is filed, it is commenced by filing a complaint with the court if service is obtained within 90 days of the applicable statute of limitations.

W.R.C.P. 3 (2022).

[¶11]  Rule 4(w) states:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (w) does not apply to service in a foreign country under Rule 4(f).

---

[2] We agree with the dissent that Rule 3 is unambiguous and leads to the conclusion that Ms. Ellis commenced her action on February 3, 2021. However, that conclusion is irrelevant based on our holding that she was not permitted to then dismiss and refile that action under the guise of having "fail[ed] otherwise than upon the merits[.]" Wyo. Stat. Ann. § § 1-3-118.

3

W. R. C. P. 4(w) (2022) (emphasis added).

[¶12] The amendment to Rule 3 limited the ability to exploit Rules 3 and 4(w) by extending the time for service indefinitely. Ms. Ellis's action was not dismissed pursuant to Rule 4(w), thus, under either version of Rule 3, her action was commenced upon filing her complaint. Although the 2017 amendment to W.R.C.P. 3 unlinked commencement from service, the time limits for service in Rule 4(w) required that service generally be accomplished within 90 days of filing the complaint.

[¶13] Wyoming court rules and statutes are designed to allow plaintiffs sufficient time to file suit while limiting the time to allow finality for defendants and the courts. Rule 1 of the Wyoming Rules of Civil Procedure requires that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." W.R.C.P. 1. Nothing in either the 2017 or 2022 amendment of Rule 3 changed this objective or suggested the amendment was intended to allow a party to delay service and thus the determination of the action. In fact, the committee notes to the federal rule amendments confirm "the purpose of the 2015 amendment [to Fed. R. Civ.P. 4(m), 4(w) in the Wyoming rules] was to reduce delay at the beginning of litigation." § 1137 *Time Limit for Service*, 4B *Fed. Prac. & Proc. Civ.* § 1137 (4th ed.).

[¶14] The comment to the 2022 amendment to Rule 3 indicates our well-established intent to conform the Wyoming Rules of Civil Procedure to the Federal Rules of Civil Procedure. *See* W.R.C.P. 3 cmt.; *see also Gunsch v. State*, 2019 WY 79, ¶ 15, n.4, 444 P.3d 1278, 1283 n.4 (Wyo. 2019); *Oldroyd v. Kanjo*, 2019 WY 1, ¶ 9, 432 P.3d 879, 882 (Wyo. 2019) ("Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules.") (quoting *Windham v. Windham*, 2015 WY 61, ¶ 20, 348 P.3d 836, 842 (Wyo. 2015)). Wyoming Rules 3 and 4 do, in fact, closely track their federal counterparts, and Rule 4(w) is textually identical to Federal Rule 4(m).

[¶15] If Rule 4(w) is complied with, the Rules of Civil Procedure's objective to reduce delay is achieved by dismissal of a complaint that is not served within 90 days (absent good cause shown). However, two unique aspects of Wyoming practice have served to defeat the purpose of the rules in the context of our adoption of W.R.C.P. Rules 3 and 4(w). First, while federal courts routinely enforce the service requirements of Rule 4(m)—dismissing cases where service is not effectuated within the required time—that enforcement has not been consistent in Wyoming courts under Rule 4(w). *See, e.g., Romero v. Union Pac. R.R.*, 2023 WL 2444950 at *2 (D. Wyo. 2023); *Cor v. U.S. Dep't of Treasury*, 2018 WL 895884 at *3 (D. Wyo. 2018); *see also Oldroyd*, 2019 WY 1, ¶ 9, 432 P.3d at 882 (noting Court had not had prior occasion to consider Rule 4(w) but substantial federal precedent existed to provide guidance). Thus, although the rule

4

requires that "the court – on motion of its own after notice to the plaintiff – must dismiss the action without prejudice or order that service be made within a specific time" when "a defendant has not been served within 90 days after the complaint has been filed," that did not happen in this case. Instead of 90 days, nearly two years went by before Ms. Ellis was prompted to take some action.

[¶16]  The second unique aspect of practice in Wyoming is our savings statute, which does not exist in the federal scheme. *See* W.R.C.P. 3 cmt. (noting the purpose of the most recent amendment to Rule 3 is "to account for Wyoming's Savings Statute and Wyoming Supreme Court interpretations of that statute as it relates to commencement of an action and the applicable statutes of limitations."). So, while the Federal Rules of Civil Procedure, which we try to conform to in Wyoming, prompt a plaintiff to take action or have her case dismissed after 90 days, in service to the overarching purpose of expediting justice, the failure to enforce Rule 4(w), coupled with our holding in *Hugus*, invites parties to extend that timeline indefinitely.

[¶17]  This not only defeats the purpose of the Rules' timelines, but also the purpose of statutes of limitations. *See, e.g.*, *Robert L. Kroenlein Tr. ex rel. Alden v. Kirchhefer*, 2015 WY 127, ¶ 23, 357 P.3d 1118, 1126 (Wyo. 2015) ("The purpose of statutes of limitation is to save courts from stale claim litigation; spare citizens from having to defend when memories have faded, witnesses have died or disappeared and evidence is lost; prevent parties from sleeping on their rights; and require diligence.") (emphasis removed) (quoting *Lieberman v. Mossbrook*, 2009 WY 65, ¶ 25, 208 P.3d 1296, 1305 (Wyo. 2009)).

[¶18]  The usual statute of limitations for professional malpractice is two years. Wyo. Stat. Ann. § 1-3-107 (2023). Here, however, Ms. Ellis filed her original complaint within two years, never served Dr. Hiser, and then voluntarily dismissed the case two years later to strategically apply the saving statute to obtain another year in which to notify Dr. Hiser that he was being sued. To allow the plaintiff in this case, and to invite future litigants to abuse the rules in this fashion, is contrary to the spirit and letter of Wyoming's rules and statutes of limitations. The potential for this result signals that we must revisit *Hugus*.

[¶19]  As noted above, in *Hugus*, we held that a voluntary dismissal qualifies as a failure "otherwise than upon the merits," thereby triggering the savings statute. 2022 WY 13, ¶¶ 14-15, 503 P.3d at 36. *Hugus* was wrongly decided. The plain and ordinary meaning of the word "fail" as used in the savings statute does not encompass voluntary dismissals initiated by the plaintiff. A failure implies an unsuccessful attempt, not an intentional withdrawal. When a plaintiff voluntarily dismisses her own case, she has not "failed" in the sense the statute contemplates; she has chosen to abandon the litigation. Classifying such dismissals as "failures" stretches the language of the statute beyond its plain meaning and creates opportunities for strategic abuse that the legislature could not have

intended. Because *Hugus* misinterprets the statute's plain language and permits strategic misuse, it should no longer be followed.

[¶20] While the doctrine of stare decisis serves important values—such as consistency, reliance, and the integrity of the judicial process—it is not an "inexorable command." *Smith v. Bd. of Cnty. Comm'rs of Park Cnty.*, 2013 WY 3, ¶ 15, 291 P.3d 947, 952 (Wyo. 2013) (internal quotation marks omitted) (recognizing the rule of stare decisis "does not justify the perpetuation of past wrongs"). This Court has repeatedly acknowledged that precedent should be revisited when it is "poorly reasoned," "no longer workable," or when doing so is necessary "to vindicate plain, obvious principles of law and remedy continued injustice." *Arnott v. Arnott*, 2012 WY 167, ¶ 29, 293 P.3d 440, 453 (Wyo. 2012) (citation omitted). *Hugus* meets that standard and should be overruled.

[¶21] Other state courts are divided on whether a voluntary dismissal counts as a "failure" under savings statutes like Wyoming's. Some states interpret "failure" to require a genuine effort to proceed with the case, not a strategic decision to dismiss. The Iowa Supreme Court, construing nearly identical statutory language to Wyoming's, Iowa Code § 614.10, held that a voluntary dismissal does not trigger the savings statute because the action has not "failed" in any substantive sense. *Furnald v. Hughes*, 804 N.W.2d 273, 282 (Iowa 2011) ("[F]or a voluntary dismissal to be within the scope of the term 'fails' under the savings statute, there must be compulsion to the extent that a plaintiff's entire underlying claim has been, for all practical purposes, defeated. If the claim can still be pursued in the underlying action, it has not 'failed' and it is 'negligence' in the prosecution of the case not to press the matter to conclusion.") (citations omitted).

[¶22] Indiana has reached the same conclusion. Ind. Code § 34-1-2-8 (repealed by adoption of the Indiana Rules of Civil Procedure in 1998); *Kohlman v. Finkelstein*, 509 N.E.2d 228, 232 (Ind. Ct. App. 1987) ("A properly initiated action that is voluntarily dismissed is not deemed a 'failure' within the meaning of the statute."); *see also Pa. Co. v. Good*, 103 N.E. 672, 674 (Ind. Ct. App. 1913) ("failure" must result from something other than the plaintiff's own decision).

[¶23] Other jurisdictions have taken the opposite approach, and like *Hugus,* reason that a suit "fails" whenever it is not resolved on the merits, regardless of the voluntariness of the dismissal. *Hugus*, 2022 WY 13, ¶ 15, 503 P.3d at 36. Courts in Kansas and Oklahoma have long held that voluntary dismissals fall within the reach of their savings statutes. *McWhirt v. McKee*, 6 Kan. 412, 419 (1870); *Wilson v. Wheeler*, 115 P. 1117, 1117 (Okla. 1911); *see also Hamilton ex rel. Hamilton v. Vaden*, 721 P.2d 412, 418 (Okla. 1986). The Ohio Supreme Court initially held otherwise, but reversed course in *Chadwick v. Barba Lou, Inc.*, concluding that a voluntary dismissal now constitutes a failure under Ohio's

statute.[3] 431 N.E.2d 660, 665 (Ohio 1982); *accord Dale v. Equine Sports Med. & Surgery Race Horse Servs., PLLC*, 836 F. App'x 657, 661-62 (10th Cir. 2020) (collecting cases from jurisdictions including Ohio, Kansas, Utah, and Oklahoma that interpret savings statutes to include voluntary dismissals as "failures," while contrasting them with jurisdictions like Iowa and Indiana, which interpret similar statutory language more narrowly to exclude dismissals caused by the plaintiff's own actions).

[¶24]  We are persuaded by the reasoning of the Indiana and Iowa courts, as well as that previously followed in Ohio, that a party may not "fail" himself into the savings statute. The Indiana Court explained,

> A plaintiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply.

*Pennsylvania Co. v. Good*, 103 N.E. 672, 674 (Ind. App. 1913); *accord Archer v. Chicago, B. & Q.R. Co.*, 22 N.W. 894, 895 (Iowa 1885) ("But suppose the plaintiff voluntarily dismisses the action, for any reason, but not under any compulsion whatever, can it be said that he has failed in the action? How can it be said that he has failed until he has made at least some effort to prepare and try his action? If he fails to prepare his case for trial and dismisses it for this reason, he is clearly guilty of negligence.").

[¶25]  Our rules of statutory interpretation dictate a similar conclusion.

> "When interpreting statutes, we seek the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute, giving effect to every word, clause, and sentence. The plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary. Where there is plain, unambiguous language used in a statute there is no room for construction."

---

[3] Wyoming adopted its savings statute in 1873 using language taken directly from Ohio's version, which at that time was interpreted narrowly to exclude voluntary dismissals from the phrase "fail otherwise than upon the merits." *See* Wyo. Stat. ch. 3, § 521 (1945) (adopted 1873) (mirroring Ohio's statutory language); *Siegfried v. New York, L.E. & W.R. Co.*, 34 N.E. 331, 332 (Ohio 1893) (holding, prior to *Chadwick*, that Ohio's savings statute did not apply where a plaintiff voluntarily dismissed his action). Annotated versions of Wyoming's 1946 code explicitly noted this connection.

*Interest of PT*, 2025 WY 11, ¶ 12, 562 P.3d 848, 851 (Wyo. 2025) (internal citations and quotation marks omitted).

[¶26] The reading of "fail" by the Iowa and Indiana courts comports with the term's ordinary meaning. Black's Law Dictionary defines "fail" as: (1) "to be deficient or unsuccessful; to fall short of achieving something expected or hoped for," (2) "to become insolvent or bankrupt," (3) "to lapse," or (4) "to stop functioning." *Black's Law Dictionary* (12th ed. 2024). None of these definitions describe what occurs when a plaintiff voluntarily chooses to abandon his own lawsuit.

[¶27] A party who voluntarily dismisses his case has not "fallen short" of achieving something expected or hoped for; he has elected not to pursue it. He has not become insolvent, nor has the action "lapsed" or "ceased functioning"; it has been consciously and strategically withdrawn. In short, voluntary dismissal is a matter of choice, not failure. It therefore falls outside the natural and ordinary meaning of "fail" and should not trigger the protections of the savings statute.

## *CONCLUSION*

[¶28] The misinterpretation of the word "fails" in the savings statute has come at the expense of the broader purpose of the rules of civil procedure and the statutes of limitation they are meant to support. We therefore affirm the district court and overrule *Hugus v. Reeder*, 2022 WY 13, 503 P.3d 32 (Wyo. 2022).

**FENN, Justice**, dissenting, in which **BOOMGAARDEN**, **Chief Justice**, joins.

[¶29]  I respectfully dissent.  The result achieved by the majority requires this Court to overrule *Hugus*, a decision issued only three years ago. 2022 WY 13, 503 P.3d at 32.  As the majority concedes, reversing *Hugus* goes against the important principle of stare decisis. *See* ¶¶ 19–20.  We approach overruling prior case law with caution. *Am. Collection Sys., Inc. v. Judkins*, 2024 WY 66, ¶ 14, 550 P.3d 549, 556 (Wyo. 2024). "[S]tare decisis is an important principle which furthers the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Hayes v. State*, 2024 WY 135, ¶ 32, 560 P.3d 902, 910 (Wyo. 2024) (quoting *Hassler v. Circle C Res.*, 2022 WY 28, ¶ 19, 505 P.3d 169, 175 (Wyo. 2022) (citation modified).  While stare decisis is not an "inexorable command," we should only depart from precedent "when necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Am. Collection Sys.,* ¶ 14, 550 P.3d at 556 (quoting *In re JJD*, 2023 WY 52, ¶ 3, 529 P.3d 1091, 1092 (Wyo. 2023)).  "When precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent." *Id.* (quoting *McCallister v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2019 WY 47, ¶ 21, 440 P.3d 1078, 1084 (Wyo. 2019)).  I am not convinced a departure from *Hugus* is warranted.

### I.  *Hugus Was Not "Poorly Reasoned."*

[¶30]  As the majority recognizes, there is a split in authority about whether a voluntary dismissal constitutes a failure otherwise than on the merits for the purposes of invoking a state's saving statute. *See* ¶¶ 21–23.  This split existed at the time *Hugus* was decided. *See id.* at ¶¶ 21–24 (citing cases decided between 1885 and 2020); *Hugus*, 2022 WY 13, ¶ 14, 503 P.3d at 35–36 (citing cases decided between 1908 and 1998).  In *Hugus*, this Court chose to follow those jurisdictions that hold a state's saving statute could be triggered by a voluntary dismissal. 2022 WY 13, ¶¶ 14–15, 503 P.3d at 35–36.  We did so after finding Wyoming Statute § 1-3-118 was unambiguous, and it did not contain a "carve out" or exception for voluntary dismissals. *Id.* at ¶ 15, 503 P.3d at 36.  This Court acknowledged the "omission of words from a statute is considered to be an intentional act by the legislature, and this [C]ourt will not read words into a statute when the legislature has chosen not to include them." *Id.* (quoting *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004)).  The majority opinion now switches sides, reads an exception into Wyoming Statute § 1-3-118 that is not there, and declares voluntary dismissals are not within the reach of the saving statute.  They do so because they are displeased by the delays caused when district courts do not take a more proactive role in managing their dockets and fail to dismiss cases that were not served within 90 days, like the one presently before the Court, pursuant to W.R.C.P. 4(w). *See* ¶ 15.  "This type of

9

result-oriented decision adds confusion to our practice and should be avoided." *Cardwell v. Am. Linen Supply*, 843 P.2d 596, 601 (Wyo. 1992) (Cardine, J., concurring).

[¶31]   We have recognized "[o]ur reasons for adhering to precedent are particularly compelling when the question is one of statutory interpretation, where we might expect the legislature to intervene if our interpretation was incorrect." *Borja v. State*, 2023 WY 12, ¶ 26, 523 P.3d 1212, 1218–19 (Wyo. 2023) (citing *Baessler v. Freier*, 2011 WY 125, ¶ 14, 258 P.3d 720, 725–26 (Wyo. 2011)).   Stare decisis deserves "special force" in cases of statutory interpretation because overturning precedent has the effect of changing a statute, something the legislature has chosen not to do in the years since the opinion was issued. *See Alpine Lumber Co. v. Cap. West Nat'l Bank*, 2010 WY 62, ¶ 12, 231 P.3d 869, 873 (Wyo. 2010).   Since we issued our decision in *Hugus* in 2022, the legislature has chosen not to amend the saving statute to exclude voluntary dismissals. *See* Wyo. Stat. Ann. § 1-3-118.   The legislature could have made such an amendment if it disagreed with our ruling in *Hugus*.   It has not done so, and I see no reason for this Court to do so now through the guise of statutory interpretation. *See Craft v. State ex rel. Wyo. Dep't of Health*, 2020 WY 70, ¶ 18, 465 P.3d 395, 401 (Wyo. 2020) ("Courts are not free to legislate under the guise of interpretation of statutes.").

## II.  Hugus Is Still "Workable."

[¶32]   Although the Wyoming Rules of Civil Procedure were amended slightly after our decision in *Hugus*, the relevant language of W.R.C.P. 3 was in effect when that case was decided, and the amendments do not render *Hugus's* holding "no longer workable."   This case requires the Court to interpret and apply Wyoming Statute § 1-3-118 and W.R.C.P. 3.[4] Wyoming Statute § 1-3-118 provides:

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal.

Wyo. Stat. Ann. § 1-3-118.   If Ms. Ellis timely commenced her initial wrongful death action when she filed her first complaint, and the voluntary dismissal counts as a failure otherwise than upon the merits, then Wyoming Statute § 1-3-118 accords Ms. Ellis the

---

[4] Dr. Hiser also argued Wyoming Statute § 1-3-118 does not apply to actions brought under the Wrongful Death Act.   The majority's reversal of *Hugus* and affirmance of the district court's order makes it unnecessary for me to address this argument.

same procedural and substantive benefits which were available to her in the first action because she commenced her second complaint within one year of the voluntary dismissal. *See Hugus*, 2022 WY 13, ¶ 16, 503 P.3d at 36 (citing *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987)).

[¶33]  When Ms. Ellis's original suit was filed on February 3, 2021, Rule 3 stated: "A civil action is commenced by filing a complaint with the court." W.R.C.P. 3 (2017).  By the time Ms. Ellis refiled her complaint on December 27, 2023, Rule 3 had been amended to account for the creation of W.R.C.P. 4(w):

> A civil action is commenced by filing a complaint with the court, except when an action has been dismissed pursuant to Rule 4(w).  When an action has been dismissed pursuant to Rule 4(w) and a new action is filed, it is commenced by filing a complaint with the court if service is obtained within 90 days of the applicable statute of limitations.

W.R.C.P. 3 (2022).  Rule 4(w) provides:

> (w) *Time Limit for Service*. — If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (w) does not apply to service in a foreign country under Rule 4(f).

W.R.C.P. 4(w) (2022).

[¶34]  Ms. Ellis asserts under the plain language of Rule 3, her original complaint was "commenced" at the time it was filed, and the district court erred when it read a service requirement into the rule and dismissed her refiled complaint.  She further asserts the saving statute applies to her wrongful death claim because the "Wyoming Savings Statute [] requires only that the action was commenced in due time, not that the *Complaint* was served or that personal jurisdiction was gained."  Dr. Hiser argues Rule 4(w) "complements" Rule 3, and "it supports the argument that where there is no service within ninety (90) days of filing, there is no genuine 'commencement' of the suit."  If the 90-day period in W.R.C.P. 4(w) does not apply, Dr. Hiser asks the Court to imply "some" service is still required to constitute commencement and allow the invocation of the saving statute.  I address each of these arguments in turn.

11

**A. W.R.C.P. 3 No Longer Requires Service of Process to Commence an Action.**

[¶35] The Court's first task is to determine whether W.R.C.P. 3 is clear or ambiguous. *Gas Sensing Tech. Corp. v. New Horizon Ventures Pty Ltd as Tr. of Linklater Fam. Tr.*, 2020 WY 114, ¶ 26, 471 P.3d 294, 299 (Wyo. 2020) (citing *Estate of Meeker*, 2017 WY 75, ¶ 8, 397 P.3d 183, 186 (Wyo. 2017)). To discern whether a rule is clear or ambiguous, the Court focuses on the plain and ordinary meaning of the words. *Loyning*, 2024 WY 82, ¶ 9, 553 P.3d at 131 (citing *Raczon v. State*, 2021 WY 12, ¶ 8, 479 P.3d 749, 751 (Wyo. 2021)). "If it is clear, we apply the plain language of the rule." *Gas Sensing Tech. Corp.*, ¶ 26, 471 P.3d at 299 (citing *Estate of Meeker*, ¶ 8, 397 P.3d at 186).

[¶36] W.R.C.P. 3 is clear and unambiguous. It states, in relevant part: "A civil action is **commenced** by **filing** a complaint with the court. . . ." W.R.C.P. 3 (emphasis added). Under the plain language of this rule, all that is required to commence an action is to file a complaint with the court. Because Rule 3 is clear and unambiguous, there is no room for construction. *Hugus*, 2022 WY 13, ¶ 9, 503 P.3d at 35 (quoting *Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015)). This Court cannot look for or impose another meaning. *Id.* (quoting *Adekale*, ¶ 12, 344 P.3d at 765). Ms. Ellis's original complaint was commenced when it was filed on February 3, 2021.

[¶37] Dr. Hiser asks the Court to interpret W.R.C.P. 3 differently on two grounds. First, he argues Rule 4(w) should be used to read a 90-day service requirement into Rule 3, even in cases such as this one where the complaint was not dismissed pursuant to Rule 4(w). Secondly, he argues it "has never been the law" in Wyoming that service is not needed to commence a suit, and this Court should find our case law requires service and the acquisition of personal jurisdiction for a suit to be genuinely commenced. Both of these arguments fail.

> *1. W.R.C.P. 4(w) does not Implicitly Create a Requirement to Serve the Complaint in 90 days for an Action to be Considered "Commenced."*

[¶38] As discussed above, as amended in 2022, Rule 3 contains an exception for cases dismissed by the trial court pursuant to Rule 4(w). If a case is dismissed under Rule 4(w), it is considered commenced when filed only "if service is obtained within 90 days of the applicable statute of limitations." W.R.C.P. 3. Rule 4(w) states if an action is not served within 90 days, the court "must" dismiss the action without prejudice **or** "order that service be made within a specified time." W.R.C.P. 4(w) (emphasis added). Rule 4(w) also states the court "must" extend the time for service "for an appropriate period" if the plaintiff shows "good cause" for not serving the complaint within the initial 90 days. *Id.*

[¶39] Ms. Ellis voluntarily dismissed her original complaint pursuant to W.R.C.P. 41(a)(1)(A)(i),[5] and it was not dismissed by the district court pursuant to W.R.C.P. 4(w). Nevertheless, Dr. Hiser asserts Rule 4(w), when read in conjunction with W.R.C.P. 3, supports his argument that there is an implied 90-day time limit for effecting service on a defendant. Rule 4(w) does not apply to Ms. Ellis's claim. However, even if it did, the plain language of Rule 4(w) does not impose a 90-day time limit for effecting service for an action to be deemed commenced when filed. While Rule 4(w) allows a trial court to dismiss an action if it is not served in 90 days, it also specifically allows the trial court to "extend the time for service for an appropriate period[,]" and it contains no limitations on what that "appropriate period" might be. W.R.C.P. 4(w). Further, the comment to Rule 3 indicates our amendment in 2022 was intended to give a plaintiff additional time to file a complaint, not less:

> One purpose of amending the Wyoming Rules of Civil Procedure is to promote uniformity between the Federal Rules of Civil Procedure and the State Rules of Civil Procedure. However, Wyoming law has a savings statute. Wyo. Stat. Ann. § 1-3-118. Therefore, Rule 3 has been amended to account for Wyoming's Savings Statute and Wyoming Supreme Court interpretations of that statute as it relates to commencement of an action and the applicable statutes of limitations. *See Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶ 16, 131 P.3d 369, 378 (Wyo. 2006). It is the intent that Rule 3 applies the same as its Federal counterpart. If a matter is dismissed pursuant to Rule 4(w), a plaintiff would still have the remainder of the statute of limitations **(plus 90 days)** to get the matter served.

W.R.C.P. 3 cmt. (LexisNexis 2022) (emphasis added).

[¶40] We will not expand a rule "to matters that do not fall within its express provisions, nor expand the plain language of a [rule] to encompass requirements beyond those clearly set out" by this Court. *See In re RB*, 2013 WY 15, ¶ 18, 294 P.3d 24, 29 (Wyo. 2013) (citation modified) (discussing the rules of statutory interpretation and construction). When a rule is "as clear as a glass slipper and fits without strain, courts should not approve an interpretation that requires a shoehorn." *Id.* at ¶ 17, 294 P.3d at 29 (quoting *Demko v. United States,* 216 F.3d 1049, 1053 (Fed. Cir. 2000)). The plain language of Rule 3 does not require service to commence an action. Rule 4(w) does not create an implied timeframe for accomplishing service for actions to be deemed "genuinely"

---

[5] W.R.C.P. 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment.

13

commenced, especially for actions to which the rule does not apply. This Court cannot interpret these rules in a manner that is inconsistent with their plain, unambiguous language. *See Hugus*, 2022 WY 13, ¶ 9, 503 P.3d at 35 (quoting *Adekale*, 2015 WY 30, ¶ 12, 344 P.3d at 765).

### 2. Our Case Law does not Establish an Implied Service Requirement to Commence an Action.

[¶41] Dr. Hiser attempts to use this Court's historical interpretations of previous versions of Rule 3 to create an implied requirement that "*some* service is required to constitute a 'commencement.'" Dr. Hiser's argument overlooks our rules of statutory construction and requires us to read words into Rule 3 this Court deliberately chose to remove.

[¶42] Under Wyoming law, service and commencement of an action were linked from 1869 until 2017. The requirements for commencing a civil action were initially established by the territorial legislature. Our territorial Laws stated: "[a]n action shall be deemed commenced . . . as to the defendant at the date of the summons which is served on him[.]" 1869 Wyo. Sess. Laws p. 511. The state legislature codified this provision after statehood. *See, e.g.*, W.C.S. § 3-517 (1945).[6] This statute was superseded by the adoption of the Wyoming Rules of Civil Procedure in 1957. *See* W.R.C.P. 87 (1957).

[¶43] Article V, Section 2 of the Wyoming Constitution gives this Court "general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." This Court has the "inherent right[] to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments." *Powers v. State*, 2014 WY 15, ¶ 19, 318 P.3d 300, 306 (Wyo. 2014) (quoting *Petersen v. State,* 594 P.2d 978, 982 (Wyo. 1979)). Matters dealing with procedure in the lower courts "are entirely within the province of this [C]ourt." *Id*., 318 P.3d at 306–07 (quoting *Petersen*, 594 P.2d at 982); *see also* Wyo. Stat. Ann. § 5-2-114 (2023) ("The supreme court of Wyoming may from time to time adopt, modify and repeal general rules and forms governing pleading, practice and procedure, in all courts of this state, for the purpose of promoting the speedy and efficient determination of litigation upon its merits.").

[¶44] Since 1957, commencement of an action has been governed by W.R.C.P. 3, which originally contained a service requirement:

---

[6] There was also a provision that recognized an attempt at service was equivalent to commencement, when a party, "diligently endeavor[ed] to procure" service, and the attempt was followed by service within 60 days. 1886 Wyo. Sess. Laws, ch. 60, § 41; W.C.S. § 3-518 (1945). This statute was also superseded in 1957. *See* W.R.C.P. 87 (1957).

(a) *How Commenced*. A civil action is commenced by filing a complaint with the court.

(b) *When Commenced*. For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on him or on a co-defendant who is a joint contractor or otherwise united in interest with him, within sixty days after the filing of the complaint.  If such service is not made within sixty days the action shall be deemed commenced on the date when service is made.  The voluntary waiver, acceptance or acknowledgement of service, or appearance by a defendant shall be the same as personal service on the date when such a waiver, acceptance, acknowledgement or appearance is made.  When service is made by publication, the action shall be deemed commenced on the date of the first publication.

W.R.C.P. 3 (1957).  This Court deleted Section 3(b) in 2017, thus detaching service from commencement.  Since 2017, "[a] civil action is commenced by filing a complaint with the court." W.R.C.P. 3 (2017).  The "omission of words from a statute is considered to be an intentional act by the legislature, and this [C]ourt will not read words into a statute when the legislature has chosen not to include them." *Hugus*, 2022 WY 13, ¶ 8, 503 P.3d at 34 (quoting *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010)).  This same principle applies to the interpretation of our rules. *Loyning,* 2024 WY 82, ¶ 9, 553 P.3d at 131 (citing *Raczon,* 2021 WY 12, ¶ 8, 479 P.3d at 751).  We must assume the removal of the service requirement from Rule 3 in 2017 was an intentional act by this Court.  Our rules of statutory interpretation and construction preclude the Court from reading a service requirement into Rule 3 that no longer exists. *See Hugus*, 2022 WY 13, ¶ 8, 503 P.3d at 34 (quoting *Adelizzi*, 2010 WY 148, ¶ 11, 243 P.3d at 566).

[¶45]  Similarly, the case law cited by Dr. Hiser interprets previous versions of Rule 3, and these cases do not assist with the determination of the current appeal.  When interpreting the previous version of Rule 3, this Court held service must be made within a reasonable time for a suit to be commenced. *Quin Blair Enters., Inc. v. Julien Constr. Co.*, 597 P.2d 945, 957–58 (Wyo. 1979).  Likewise, in *Hoke v. Motel 6 Jackson*, we found the saving statute did not apply to plaintiff's suit because it was not served in the 60-day period set out in Rule 3(b), and it was therefore commenced outside the statute of limitations period. 2006 WY 38, ¶¶ 9–11, 131 P.3d at 375–76.  We said: "the effect of Rule 3(b) cannot be simply ignored." *Id.* at ¶ 24, 131 P.3d at 382.  When determining whether service was sufficient to have "commenced" the action over the second defendant who had received "defective" service, we stated: "the key to determining if service was sufficient to commence an action is whether the court obtained jurisdiction

15

over the party." *Id*. at ¶ 16, 131 P.3d at 378.[7]  After reviewing authorities from other jurisdictions and one previous case from Wyoming that involved the statutory service requirements referenced above, we concluded "for an action to be 'commenced in due time' and trigger the tolling provision of Wyoming's saving statute, Wyo. Stat. Ann. § 1-3-118, service of process must be sufficient for the trial court to have obtained personal jurisdiction over the defendant." *Id.* at ¶ 22, 131 P.3d at 381 (citing *Clause v. Columbia Sav. and Loan Assoc.,* 95 P. 54, 59–60 (Wyo. 1908); W.R.C.P. 3(b)).  However, when this Court amended Rule 3 by removing sub-section (b), it severed the connection between service and commencement.  While service is still required for a court to have personal jurisdiction over a defendant and proceed with an action, it no longer plays a role in determining when an action was commenced, except for those cases dismissed under W.R.C.P. 4(w). *See* W.R.C.P. 3, 4(w), 12(b)(5).  Just as this Court could not ignore the effect of W.R.C.P. 3(b) when it existed, we cannot ignore its absence now. *See Hoke*, ¶ 24, 131 P.3d at 382.

[¶46]  As the Court acknowledged in *Hoke*, both the federal and Wyoming Constitutions require proper service for a court to have personal jurisdiction over a party. *Hoke*, ¶ 22, 131 P.3d at 381 (citation omitted).  "The touchstones of due process are notice and the opportunity to be heard, which must be appropriate and proportional to the nature of the case." *In re NRAE*, 2020 WY 121, ¶ 12, 472 P.3d 374, 377 (Wyo. 2020) (citing *KC v. State*, 2015 WY 73, ¶ 16, 351 P.3d 236, 241 (Wyo. 2015)).  "Courts allow infringement on the fundamental due process rights to notice and an opportunity to be heard only to the extent permitted by legislative or judicially promulgated rules of procedure." *Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 233 (Wyo. 1992) (citing *Goss v. Goss,* 780 P.2d 306, 310 (Wyo. 1989)).

[¶47] The due process clauses of the federal and Wyoming Constitutions do not prescribe a specific time to accomplish service of process. *See* Wyo. Const. art. 1, § 6; U.S. Const. Amend. XIV, § 1; *see also In Re U.S. Currency Totaling $470,040.00*, 2020 WY 30, ¶ 23, 459 P.3d 430, 437 (Wyo. 2020) (quoting *BP Am. Prod. Co. v. Dep't of Revenue, State of Wyo.*, 2005 WY 60, ¶ 27, 112 P.3d 596, 609 (Wyo. 2005)) ("Procedural due process is satisfied 'if a person is afforded adequate notice and an opportunity to be

---

[7]I note the comment to amended Rule 3 cites to a specific portion of *Hoke*. W.R.C.P. 3 cmt (citing *Hoke*, 2006 WY 38, ¶ 16, 131 P.3d at 378.)  The portion of ¶ 16 that appears on page 378 states: "Several general principles can be extracted from the *Clause* opinion: (1) as a threshold matter, the saving statute applies if, and only if, the action was commenced in due time (i.e., before any applicable statutes of limitations have run); [and] (2) the key to determining if service was sufficient to commence an action is whether the court obtained jurisdiction over the party[.]" *Hoke*, 2006 WY 38, ¶ 16, 131 P.3d at 378.  It is unclear if the Court intended to refer to both principles or only to the principle that an action must be commenced in due time.  There is a third principle in ¶ 16 that appears on page 379 and would not be included in this citation.  I note the comment to Rule 3 does not cite to ¶¶ 21 through 24 of the *Hoke* opinion, which discuss the connection between personal jurisdiction and the saving statute. W.R.C.P. 3 cmt; *Hoke*, ¶¶ 21–24, 131 P.3d at 381–82.

16

heard at a meaningful time and in a meaningful manner.'"). Pursuant to its inherent power, this Court enacted the Rules of Civil Procedure to govern matters of procedure in the lower courts. *Powers*, 2014 WY 15, ¶ 19, 318 P.3d at 306–07 (quoting *Petersen*, 594 P.2d at 982). The amendments to the Wyoming Rules of Civil Procedure in 2017 and 2022 intentionally removed the connection between service and commencement and gave trial courts the ability to extend the time for obtaining service for an "appropriate period" rather than prescribing a firm date. *See* W.R.C.P. 3 (deleting Rule 3(b)); W.R.C.P. 4(w) (allowing a court to extend the time for service for an appropriate period). Using the due process clause in either the federal or Wyoming Constitutions to read an implied service requirement into W.R.C.P. 3's definition of commencement contradicts our rules of statutory interpretation and construction. *See Hugus*, 2022 WY 13, ¶ 8, 503 P.3d at 34 (quoting *Adelizzi*, 2010 WY 148, ¶ 11, 243 P.3d at 566) (holding we will not read words into a statute the legislature has chosen not to include).

[¶48] Further, such an implied rule would prove impossible to apply. The requirements for such a rule cannot be gleaned from our precedent. *Quin* held service must be made within a "reasonable time." 597 P.2d at 957–58. *Hoke* looked to the 60-day requirement in then existing Rule 3(b). 2006 WY 38, ¶¶ 9–11, 131 P.3d at 375–76. If that 60-day period was derived from due process requirements, then the provision in current Rule 4(w) that allows a court to extend the time for service for an "appropriate period" would be meaningless. "We do not interpret a statute 'in a way that renders a portion of it meaningless.'" *Gates v. Mem'l Hosp. of Converse Cnty. - Advanced Med. Hometown Care by & through Bd. of Trs. of Mem'l Hosp. of Converse Cnty.,* 2023 WY 77, ¶ 15, 533 P.3d 493, 499 (Wyo. 2023) (quoting *Conrad v. Uinta Cnty. Republican Party*, 2023 WY 46, ¶ 20, 529 P.3d 482, 491 (Wyo. 2023)). That same principle applies to the interpretation of our rules. *Loyning*, 2024 WY 82, ¶ 9, 553 P.3d at 131 (citing *Raczon*, 2021 WY 12, ¶ 8, 479 P.3d at 751). Courts cannot predictably and consistently determine if a complaint was timely commenced if commencement is tied to service that must be accomplished in a reasonable or appropriate period. This supports the conclusion that commencement and service are and should be separate requirements.

[¶49] The Wyoming Rules of Civil Procedure still protect a litigant's rights to notice and the opportunity to be heard. *In re NRAE*, 2020 WY 121, ¶ 12, 472 P.3d at 377 (citing *KC*, 2015 WY 73, ¶ 16, 351 P.3d at 241). Rule 4 still requires a complaint and summons to be served on a defendant before an action can proceed. Suits that are not properly served can be dismissed. *See, e.g.*, W.R.C.P. 4(w), W.R.C.P. 12(b)(4), (5). A court can dismiss an action that is not served within 90 days, or after an "appropriate period," if the court extended the time for service. W.R.C.P. 4(w). A court can dismiss an action a plaintiff failed to prosecute. W.R.C.P. 41(b). "A judgment entered without proper service of the summons is void and subject to attack directly or collaterally." *Rosty v. Skaj*, 2012 WY 28, ¶ 22, 272 P.3d 947, 955 (Wyo. 2012) (quoting *Hoke*, 2006 WY 38, ¶ 7, 131 P.3d at 374); *see also* W.R.C.P. 60(b). The Wyoming Rules of Civil Procedure do not, however,

disarm the plaintiff—who timely filed a complaint—of the opportunity to pursue her action.

[¶50] This interpretation of W.R.C.P. 3 does not render the holding of *Hugus* unworkable. Ms. Ellis had to file her wrongful death action within two years of her father's death to comply with the statutory condition precedent in Wyoming Statute § 1-38-102(d). Under *Hugus*, her voluntary dismissal counted as a failure otherwise than on the merits. 2022 WY 13, ¶ 15, 503 P.3d at 36. To successfully invoke Wyoming Statute § 1-3-118, she had to refile her suit within one year of the voluntary dismissal. She complied with both statutes and the Rules of Civil Procedure. She commenced her action within the statutory limitations period and re-commenced it within the time period allowed under the saving statute. Contrary to what the majority suggests, nothing about Rule 3 or the holding in *Hugus* defeats the purpose of statutes of limitations. *See* ¶ 17.

[¶51] "Saving statutes are remedial in nature and must be liberally construed." 54 C.J.S. Limitations of Actions § 347 (May 2025 Update). They have a "broad and liberal purpose [that] is not to be frittered away by a narrow construction." *Hoke*, 2006 WY 38, ¶ 20, 131 P.3d 379–80 (quoting *Rosa v. Cantrell,* 705 F.2d 1208, 1217–18 (10th Cir. 1982)). "The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." *Id.* Ms. Ellis complied with the relevant statutes and Rules of Civil Procedure. She is entitled to have her claim tried on the merits. The delay in this case, about which the majority is so concerned, came from Ms. Ellis's failure to serve Dr. Hiser in a timelier manner. It is not the result of our holding in *Hugus*. It would have been preferable for Ms. Ellis to have served Dr. Hiser in a timelier manner, or for the district court to have timely exercised its authority to dismiss the case under W.R.C.P. 4(w). However, this Court should not overturn precedent because it dislikes the result in one case.

### III. Overruling Hugus is Not Necessary to Remedy Continued Injustice.

[¶52] The majority states the holding in *Hugus* and the reading of W.R.C.P. 3 advocated by this dissent "opens the door to gamesmanship and the type of delay our rules are designed to prevent." *See* ¶ 9. Unfortunately, gamesmanship under our Rules of Civil Procedure is nothing new. In *Hoke*, the defendant purposely waited until after the service deadline had passed to raise a technical defect in the summons that ultimately prevented the plaintiff from bringing an otherwise timely filed and served suit, using a minor technicality to prevent the plaintiff's claim from being tried on the merits. 2006 WY 38, ¶¶ 5, 8, 131 P.3d at 373–74. Similarly, for years parties engaged in "gamesmanship" in governmental claims cases by waiting to disclose fatal defects until after the claim's deadline had passed, hoping to deprive the courts of jurisdiction over those claims. *See Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶¶ 33–38, 331 P.3d 1174, 1183–84 (Wyo. 2014).

18

[¶53] The majority cites to W.R.C.P. 1, which requires our Rules of Civil Procedure to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* ¶ 13. However, while this is an admirable goal, we have long recognized "dismissal is not a favored course of action, because it 'has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy.'" *Dollarhide v. Bancroft*, 2008 WY 113, ¶ 10, 193 P.3d 223, 226 (Wyo. 2008) (quoting *Waldrop v. Weaver*, 702 P.2d 1291, 1294 (Wyo. 1985)).

[¶54] As the majority points out, our Rules are patterned on the Federal Rules of Civil Procedure. *See* ¶ 14. "The Federal Rules indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits, and to that end are to be liberally construed." *Kirby v. United States*, 479 F. Supp. 863, 865 (D.S.C. 1979) (quoting *Mahler v. Drake*, 43 F.R.D. 1, 3 (D.S.C. 1967)). The rules should be used as tools "in the administration of justice." *Id.* at 866. They should not be used to set "traps for the unwary," but instead their "liberal spirit" should be "employed in construing statutes of limitation. . . ." *Id.* (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1163 (1969)). "'[T]he spirit of the Federal Rules' is that 'decisions on the merits should not be avoided on the basis of mere technicalities.'" *Parrish v. United States*, 605 U.S. ___, 145 S. Ct. 1664, 1674 (2025) (quoting *Foman* v. *Davis*, 371 U. S. 178, 181[–82], 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

[¶55] The amendments to W.R.C.P. 3 allow the Court to apply the liberal spirit of the federal rules to statute of limitations calculations. A suit that is commenced in due time—i.e. one that is filed with the district court before the expiration of the statute of limitations—can be heard on the merits without resorting to determining whether the plaintiff complied with any arbitrary service deadline. There are other mechanisms for enforcing the "speedy" determination of actions. I note, although couched in concerns regarding delayed service, the majority's decision applies to an action that is promptly served and voluntarily dismissed for some other reason as well as those that are voluntarily dismissed before service. While I do have concerns about the potential for litigants to abuse the saving statute and voluntary dismissals under W.R.C.P. 41(a), those concerns are better addressed through future amendments to the Rules or legislative amendments to the saving statute, not by overruling *Hugus*.

[¶56] I would find Ms. Ellis commenced her initial complaint in due time when she filed it with the district court in February 2021. I would not overrule *Hugus,* which held voluntary dismissals fall within Wyoming Statute § 1-3-118. Ms. Ellis refiled her wrongful death action within one year of the voluntary dismissal. Therefore, I would reverse the district court's order dismissing Ms. Ellis's refiled wrongful death action.